IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ZIPIT WIRELESS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BLACKBERRY LIMITED F/K/A RESEARCH IN MOTION LIMITED and BLACKBERRY CORPORATION f/k/a RESEARCH IN MOTION CORPORATION,<br><br>    Defendants. | Civil Action No. 6:13-cv-02959-JMC<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Zipit Wireless, Inc., for its First Amended Complaint against Defendants BlackBerry Limited and BlackBerry Corporation, alleges as follows:

## INTRODUCTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## THE PARTIES

2.      Plaintiff, Zipit Wireless, Inc. (hereinafter "Zipit") is a Delaware Corporation with a principal place of business located at 550 South Main Street, Suite 525, Greenville, South Carolina 29601.

1

3.      On information and belief, Defendant BlackBerry Limited f/k/a Research In Motion Limited ("Defendant") is a Canadian corporation with a principal address at 2200 University Avenue East, Waterloo, Ontario, Canada N2k 0A7.

4.      On information and belief, Defendant BlackBerry Corporation f/k/a Research In Motion Corporation is a Delaware Corporation with a principal place of business at 5000 Riverside Drive, Irving, Texas 75039.  Defendant BlackBerry Corporation's Registered Agent in South Carolina is CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

5.      Defendant BlackBerry Limited f/k/a Research In Motion Limited and Defendant BlackBerry Corporation f/k/a Research In Motion Corporation are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §271 *et seq.*

7.      This Court has personal jurisdiction over Defendants as: (i) Defendants transact business in the State of South Carolina; (ii) Defendant BlackBerry Corporation maintains a registered agent for service of process in the State of South Carolina; (iii) Defendants maintain regular and systematic business contacts with the State of South Carolina and within this judicial district and division; (iv) Defendants purposely, regularly, and continuously conduct business in the State of South Carolina and within this judicial district and division; (v) Defendants purposefully direct their activities at residents of the State of South Carolina; (vi) the cause of action set forth

2

herein arises out of or relates to the Defendants' activities in the State of South Carolina; and (vii) the exercise of jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

8.    Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1331, §1338(a), §§1391(a), (b) and (c), and §1400(b).

### COUNT ONE: PATENT INFRINGEMENT
#### (U.S. Patent No. 7,894,837)

9.    Zipit realleges and incorporates herein the preceding allegations of this First Amended Complaint as if fully set forth herein.

10.    On February 22, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,894,837, entitled "Instant Messaging Terminal Adapted For Wireless Communication Access Points."   A true and correct copy of U.S. Patent No. 7,894,837 is attached hereto as Exhibit "A."

11.    Zipit is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 7,894,837 (hereinafter the "'837 Patent"), including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

12.    The '837 Patent is valid and enforceable.

13.    Defendants have in the past and continue to infringe one or more claims of the '837 Patent, including but not necessarily limited to claims 1, 2, 10, 11, 12, 13, and 15 in violation of 35 U.S.C. §§271 (a), (b), and (c).

14.    Defendants' direct infringing acts include, but are not necessarily limited to, Defendants' manufacture, use, offering for sale, and sale of WiFi-enabled instant messaging

devices and applications, such as BlackBerry Messenger and BlackBerry devices that comprise BlackBerry Messenger.

15.     Defendants have in the past and continue to indirectly infringe one or more claims of the '837 Patent, such as for example claims 1, 2, 10, 11, 12, 13, and 15 in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons, including patrons, customers, and end users, by offering for sale and/or selling Defendants' BlackBerry Messenger and BlackBerry devices that comprise BlackBerry Messenger in the United States without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '837 Patent.

16.     Zipit provided Defendants with written notice of the '837 Patent on or about August 27, 2013.  At the same time, Zipit also told Defendants that Defendants had in the past and were continuing to infringe the '837 Patent.  As a result, Defendants had notice of their alleged infringement of the '837 Patent no later than August 27, 2013.

17.     On information and belief, as Defendants deliberately avoided confirming their high probability of wrongdoing, Defendants have and continue to act, and induce the direct infringement of one or more claims of the '837 Patent, with willful blindness.

18.     Defendants also have in the past and continue to indirectly infringe one or more claims of the '837 Patent, such as for example claims 1, 2, 10, 11, 12, 13, and 15  in violation of 35 U.S.C. § 271(c) by actively, knowingly, and intentionally contributing to an underlying direct infringement by other persons, such as Defendants' patrons, customers, and end users, by offering for sale and/or selling Defendants' BlackBerry Messenger and BlackBerry devices that

comprise BlackBerry Messenger in the United States without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '837 Patent.

19.    Defendants' BlackBerry Messenger and BlackBerry devices that comprise BlackBerry Messenger are (i) a component and material part of the inventions claimed in one or more claims of the '837 Patent, (ii) knowingly and especially designed for use in infringing one or more claims of the '837 Patent, (iii) intended to be used to infringe one or more claims of the '837 Patent, and (iv) not a staple item of commerce suitable for substantial non-infringing use.

20.    On information and belief, as Defendants deliberately avoided confirming their high probability of wrongdoing, Defendants have and continue to act, and contribute to the direct infringement of one or more claims of the '837 Patent, with willful blindness.

21.    Customers who reside in the State of South Carolina, including the Greenville Division of the District of South Carolina, may purchase Defendants' BlackBerry Messenger and BlackBerry devices that comprise BlackBerry Messenger.

22.    Defendants' infringement of the '837 Patent has been, and continues to be, objectively reckless, willful and deliberate, entitling Zipit to increased damages pursuant to 35 U.S.C. §284 and to attorneys' fees pursuant to 35 U.S.C. §285.

23.    Zipit has and continues to suffer damages as a direct and proximate result of Defendants' infringement of the '837 Patent and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing its infringement.  Zipit has no adequate remedy at law.

24.    Zipit is entitled to: (i) damages adequate to compensate it for Defendants' infringement of the '837 Patent, which amounts to, at a minimum, a reasonable royalty; (ii) Zipit's

lost profits; (iii) treble damages; (iv) attorneys' fees; (v) costs; and (vi) a preliminary and thereafter permanent injunction.

## COUNT TWO: PATENT INFRINGEMENT
### (U.S. Patent No. 8,190,694)

25.    Zipit realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

26.    On May 29, 2012, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,190,694, entitled "Device Centric Controls For A Device Controlled Through A Web Portal."  A true and correct copy of U.S. Patent No. 8,190,694 is attached hereto as Exhibit "B."

27.    Zipit is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 8,190,694 (hereinafter the "'694 Patent"), including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

28.    The '694 Patent is valid and enforceable.

29.    Defendants have in the past and continue to infringe one or more claims of the '694 Patent, including but not necessarily limited to claims 9, 10, and 13, in violation of 35 U.S.C. §§271 (a), (b), and (c).

30.    Defendants' direct infringing acts include, but are not necessarily limited to, Defendants' manufacture, use, offering for sale, and sale of Mobile Device Management enabled servers, devices, and applications, such as BlackBerry Enterprise Service 10 and servers and devices that comprise BlackBerry Enterprise Service 10.

31.     Defendants have in the past and continue to indirectly infringe one or more claims of the '694 Patent, such as for example claims 9, 10, and 13, in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons, including patrons, customers, and end users, by offering for sale and/or selling Defendants' Mobile Device Management enabled servers, devices, and applications in the United States without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '694 Patent.

32.     Zipit provided Defendants with written notice of the '694 Patent on or about August 27, 2013.  At the same time, Zipit also told Defendants that Defendants had in the past and were continuing to infringe the '694 Patent.  As a result, Defendants had notice of their alleged infringement of the '694 Patent.

33.     On information and belief, as Defendants deliberately avoided confirming their high probability of wrongdoing, Defendants have and continue to act, and induce the direct infringement of one or more claims of the '694 Patent, with willful blindness.

34.     Defendants also have in the past and continue to indirectly infringe one or more claims of the '694 Patent, such as for example claims 9, 10, and 13, in violation of 35 U.S.C. § 271(c) by actively, knowingly, and intentionally contributing to an underlying direct infringement by other persons, such as Defendants' patrons, customers, and end users, by offering for sale and/or selling Defendants' Mobile Device Management enabled servers, devices, and applications in the United States without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '694 Patent.

35.    Defendants' Mobile Device Management enabled servers, devices, and applications are (i) a component and material part of the inventions claimed in one or more claims of the '694 Patent, (ii) knowingly and especially designed for use in infringing one or more claims of the '694 Patent, (iii) intended to be used to infringe one or more claims of the '694 Patent, and (iv) not a staple item of commerce suitable for substantial non-infringing use.

36.    On information and belief, as Defendants deliberately avoided confirming their high probability of wrongdoing, Defendants have and continue to act, and contribute to the direct infringement of one or more claims of the '694 Patent, with willful blindness.

37.    Customers who reside in the State of South Carolina, including in the Greenville Division of the District of South Carolina, may purchase Defendants' Mobile Device Management enabled servers, devices, and applications.

38.    Defendants' infringement of the '694 Patent has been, and continues to be, objectively reckless, willful and deliberate, entitling Zipit to increased damages pursuant to 35 U.S.C. §284 and to attorneys' fees pursuant to 35 U.S.C. §285.

39.    Zipit has and continues to suffer damages as a direct and proximate result of Defendants' infringement of the '694 Patent and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing its infringement.  Zipit has no adequate remedy at law.

40.    Zipit is entitled to: (i) damages adequate to compensate it for Defendants' infringement of the '694 Patent, which amounts to, at a minimum, a reasonable royalty; (ii) Zipit's lost profits; (iii) treble damages; (iv) attorneys' fees; (v) costs; and (vi) a preliminary and thereafter permanent injunction.

## COUNT THREE: PATENT INFRINGEMENT
### (U.S. Patent No. 7,292,870)

41.     Zipit realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

42.     On November 6, 2007, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,292,870, entitled "Instant Messaging Terminal Adapted For WI-FI Access Points."  A true and correct copy of U.S. Patent No. 7,292,870 is attached hereto as Exhibit "C."

43.     Zipit is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 7,292,870 (hereinafter the "'870 Patent"), including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

44.     The '870 Patent is valid and enforceable.

45.     Defendants have in the past and continue to infringe one or more claims of the '870 Patent, including but necessarily limited to claims 1, 3, 17, 20, and 22 in violation of 35 U.S.C. §§271 (a), (b), and (c).

46.     Defendants' direct infringing acts include, but are not necessarily limited to, Defendants' manufacture, use, offering for sale, and sale of Wi-Fi-enabled instant messaging devices and applications, such as BlackBerry Messenger and BlackBerry devices that comprise BlackBerry Messenger.

47.     Defendants have in the past and continue to indirectly infringe one or more claims of the '870 Patent, such as for example claims 1, 3, 17, 20, and 22, in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons,

including patrons, customers, and end users, by offering for sale and/or selling Defendants' BlackBerry Messenger and BlackBerry devices that comprise BlackBerry Messenger in the United States without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '870 Patent.

48.    Zipit provided Defendants with written notice of the '870 Patent on or about August 27, 2013.  At the same time, Zipit also told Defendants that Defendants had in the past and were continuing to infringe the '870 Patent.  As a result, Defendants had notice of their alleged infringement of the '870 Patent no later than August 27, 2013.

49.    On information and belief, as Defendants deliberately avoided confirming their high probability of wrongdoing, Defendants have and continue to act, and induce the direct infringement of one or more claims of the '870 Patent, with willful blindness.

50.    Defendants also have in the past and continue to indirectly infringe one or more claims of the '870 Patent, such as for example claims 1, 3, 17, 20, and 22,  in violation of 35 U.S.C. § 271(c) by actively, knowingly, and intentionally contributing to an underlying direct infringement by other persons, such as Defendants' patrons, customers, and end users, by offering for sale and/or selling Defendants' BlackBerry Messenger and BlackBerry devices that comprise BlackBerry Messenger in the United States without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '870 Patent.

51.    Defendants' BlackBerry Messenger and BlackBerry devices that comprise BlackBerry Messenger are (i) a component and material part of the inventions claimed in one or more claims of the '870 Patent, (ii) knowingly and especially designed for use in infringing one

or more claims of the '870 Patent, (iii) intended to be used to infringe one or more claims of the '870 Patent, and (iv) not a staple item of commerce suitable for substantial non-infringing use.

52.     On information and belief, as Defendants deliberately avoided confirming their high probability of wrongdoing, Defendants have and continue to act, and contribute to the direct infringement of one or more claims of the '870 Patent, with willful blindness.

53.     Customers who reside in the State of South Carolina, including the Greenville Division of the District of South Carolina, may purchase Defendants' BlackBerry Messenger and BlackBerry devices that comprise BlackBerry Messenger.

54.     Defendants' infringement of the '870 Patent has been, and continues to be, objectively reckless, willful and deliberate, entitling Zipit to increased damages pursuant to 35 U.S.C. §284 and to attorneys' fees pursuant to 35 U.S.C. §285.

55.     Zipit has and continues to suffer damages as a direct and proximate result of Defendants' infringement of the '870 Patent and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing its infringement.  Zipit has no adequate remedy at law.

56.     Zipit is entitled to: (i) damages adequate to compensate it for Defendants' infringement of the '870 Patent, which amounts to, at a minimum, a reasonable royalty; (ii) Zipit's lost profits; (iii) treble damages; (iv) attorneys' fees; (v) costs; and (vi) a preliminary and thereafter permanent injunction.

## COUNT FOUR: PATENT INFRINGEMENT
### (U.S. Patent No. 8,086,678)

57.    Zipit realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

58.    On December 27, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,086,678, entitled "Device Centric Controls For A Device Controlled Through A Web Portal."   A true and correct copy of U.S. Patent No. 8,086,678 is attached hereto as Exhibit "D."

59.    Zipit is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 8,086,678 (hereinafter the "'678 Patent"), including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

60.    The '678 Patent is valid and enforceable.

61.    Defendants have in the past and continue to infringe one or more claims of the '678 Patent, including but necessarily limited to claims 1, 2, and 5, in violation of 35 U.S.C. §§271 (a), (b), and (c).

62.    Defendants' direct infringing acts include, but are not necessarily limited to, Defendants' manufacture, use, offering for sale, and sale of Mobile Device Management enabled servers, devices, and applications, such as BlackBerry Enterprise Service 10 and servers and devices that comprise BlackBerry Enterprise Service 10.

63.    Defendants have in the past and continue to indirectly infringe one or more claims of the '678 Patent, such as for example to claims 1, 2, and 5, in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons, including patrons, customers, and end users, by offering for sale and/or selling Defendants' Mobile Device Management enabled servers, devices, and applications in the United States

12

without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '678 Patent.

64.    Zipit provided Defendants with written notice of the '678 Patent on or about August 27, 2013.  At the same time, Zipit also told Defendants that Defendants had in the past and were continuing to infringe the '678 Patent.  As a result, Defendants had notice of their alleged infringement of the '678 Patent.

65.    On information and belief, as Defendants deliberately avoided confirming their high probability of wrongdoing, Defendants have and continue to act, and induce the direct infringement of one or more claims of the '678 Patent, with willful blindness.

66.    Defendants also have in the past and continue to indirectly infringe one or more claims of the '678 Patent, such as for example claims 1, 2, and 5, in violation of 35 U.S.C. § 271(c) by actively, knowingly, and intentionally contributing to an underlying direct infringement by other persons, such as Defendants' patrons, customers, and end users, by offering for sale and/or selling Defendants' Mobile Device Management enabled servers, devices, and applications in the United States without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '678 Patent.

67.    Defendants' Mobile Device Management enabled servers, devices, and applications are (i) a component and material part of the inventions claimed in one or more claims of the '678 Patent, (ii) knowingly and especially designed for use in infringing one or more claims of the '678 Patent, (iii) intended to be used to infringe one or more claims of the '678 Patent, and (iv) not a staple item of commerce suitable for substantial non-infringing use.

68.    On information and belief, as Defendants deliberately avoided confirming their

13

high probability of wrongdoing, Defendants have and continue to act, and contribute to the direct infringement of one or more claims of the '678 Patent, with willful blindness.

69.     Customers who reside in the State of South Carolina, including in the Greenville Division of the District of South Carolina, may purchase Defendants' Mobile Device Management enabled servers, devices, and applications.

70.     Defendants' infringement of the '678 Patent has been, and continues to be, objectively reckless, willful and deliberate, entitling Zipit to increased damages pursuant to 35 U.S.C. §284 and to attorneys' fees pursuant to 35 U.S.C. §285.

71.     Zipit has and continues to suffer damages as a direct and proximate result of Defendants' infringement of the '678 Patent and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing its infringement.  Zipit has no adequate remedy at law.

72.     Zipit is entitled to: (i) damages adequate to compensate it for Defendants' infringement of the '678 Patent, which amounts to, at a minimum, a reasonable royalty; (ii) Zipit's lost profits; (iii) treble damages; (iv) attorneys' fees; (v) costs; and (vi) a preliminary and thereafter permanent injunction.

## **PRAYER FOR RELIEF**

WHEREFORE, Zipit seeks the following relief:

a.     That Defendants be enjoined from further infringement of the '837 Patent, the '694 Patent, the '870 Patent, and the '678 Patent pursuant to 35 U.S.C. §283;

b.    That Defendants be ordered to pay damages adequate to compensate Zipit for Defendants' infringement of the '837 Patent, the '694 Patent, the '870 Patent, and the '678 Patent pursuant to 35 U.S.C. §284;

c.    That Defendants be ordered to pay Zipit Zipit's lost profits due to Defendants' infringement of the '837 Patent, the '694 Patent, the '870 Patent, and the '678 Patent pursuant to 35 U.S.C. §284;

d.    That Defendants be ordered to pay Zipit treble damages pursuant to 35 U.S.C. §284;

e.    That Defendants be ordered to pay prejudgment interest pursuant to 35 U.S.C. §284;

f.    That Defendants be ordered to pay all costs associated with this action pursuant to 35 U.S.C. §284;

g.    That Defendants be ordered to pay Zipit's attorneys' fees pursuant to 35 U.S.C. §285;

h.    That Zipit be granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Zipit demands a trial by jury of all issues triable of right by a jury.

Respectfully submitted, this 6th day of February, 2014.


/s/ Robert P. Foster

Robert P. Foster
FOSTER LAW FIRM, LLC
601 East McBee Avenue

Suite 104
Greenville, SC 29601
Telephone: (864) 242-6200
Facsimile: (864) 233-0290
Email: rfoster@fosterfoster.com


Stephen R. Risley
(Admitted Pro Hac Vice)
SMITH RISLEY TEMPEL & SANTOS LLC
Two Ravinia Drive, Suite 700
Atlanta, GA 30346
Telephone: (770) 709-0022
Facsimile: (770) 804-0900
Email: srisley@srtslaw.com

## CERTIFICATE OF SERVICE

I certify that on February 6, 2014 the above and foregoing document was electronically filed with the Clerk of Court for the United States District Court for the District of South Carolina, Greenville Division, using the CM/ECF system, which will automatically send notification of such filing to counsel Record.

/s/ Robert P. Foster

Robert P. Foster
FOSTER LAW FIRM, LLC
601 East McBee Avenue
Suite 104
Greenville, SC 29601
Telephone: (864) 242-6200
Facsimile: (864) 233-0290
Email: rfoster@fosterfoster.com