# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| ZIPIT WIRELESS INC., <br><br> Plaintiff, <br><br> v. <br><br> BLACKBERRY LIMITED f/k/a RESEARCH IN MOTION LIMITED and BLACKBERRY CORPORATION f/k/a RESEARCH IN MOTION CORPORATION, <br><br> Defendants. | Civil Action No. 6:13-cv-2959-JMC <br><br> **ANSWER** <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANTS BLACKBERRY LIMITED AND BLACKBERRY CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO ZIPIT WIRELESS, INC.'S FIRST AMENDED COMPLAINT

Defendants BlackBerry Limited and BlackBerry Corporation (collectively, "BlackBerry") respond to Zipit Wireless, Inc.'s ("Zipit") First Amended Complaint ("Complaint") filed on February 6, 2014, as follows:

### INTRODUCTION

1. BlackBerry admits that Zipit purports to assert a claim for patent infringement arising under the patent laws of Title 35, United States Code. BlackBerry, however, denies that it has committed any act of patent infringement as claimed by Zipit.

### THE PARTIES

2. BlackBerry lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies them.

3. Admitted

4. Admitted

1

5.	Paragraph 5 does not contain any allegations and therefore does not require a response.

## JURISDICTION AND VENUE

6.	BlackBerry admits that Zipit purports to assert a claim for patent infringement arising under the patent laws of Title 35, United States Code.  BlackBerry admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.	BlackBerry admits that it conducts business in South Carolina and that it is subject to personal jurisdiction in this judicial district.  BlackBerry, however, denies that it has committed any act of patent infringement in this District and further denies the remaining allegations of Paragraph 7.

8.	BlackBerry admits that venue in this judicial district and division is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b), but BlackBerry denies that venue in this judicial district and division is convenient under 28 U.S.C. § 1404(a).

## COUNT ONE:  ALLEGED PATENT INFRINGEMENT
## (U.S.  PATENT NO.  7,894,837)

9.	BlackBerry realleges and incorporates herein the preceding responses of this Answer as if fully set forth herein.

10.	BlackBerry admits that U.S. Patent No. 7,894,837 ("the '837 Patent") is titled "Instant Messaging Terminal Adapted For Wireless Communication Access Points," that the '837 Patent states on its face that it issued on February 22, 2011, and that a copy of what appears to be the '837 Patent was attached to the Complaint as Exhibit A.  BlackBerry denies the remaining allegations of Paragraph 10.

11.	BlackBerry lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies them.

12. BlackBerry denies each and every allegation of Paragraph 12.

13. BlackBerry denies each and every allegation of Paragraph 13.

14. BlackBerry denies each and every allegation of Paragraph 14.

15. BlackBerry denies each and every allegation of Paragraph 15.

16. BlackBerry admits that it received correspondence dated August 27, 2013, from a representative of Zipit, asserting that BlackBerry infringes the '837 Patent. BlackBerry denies the remaining allegations of Paragraph 16.

17. BlackBerry denies each and every allegation of Paragraph 17.

18. BlackBerry denies each and every allegation of Paragraph 18.

19. BlackBerry denies each and every allegation of Paragraph 19.

20. BlackBerry denies each and every allegation of Paragraph 20.

21. BlackBerry admits that residents of South Carolina, including those of Greenville, South Carolina, may purchase BlackBerry devices. BlackBerry denies the remaining allegations of Paragraph 21.

22. BlackBerry denies each and every allegation of Paragraph 22.

23. BlackBerry denies each and every allegation of Paragraph 23.

24. BlackBerry denies each and every allegation of Paragraph 24.

### COUNT TWO: ALLEGED PATENT INFRINGEMENT
### (U.S. PATENT NO. 8,190,694)

25. BlackBerry realleges and incorporates herein the preceding responses of this Answer as if fully set forth herein.

26. BlackBerry admits that U.S. Patent No. 8,190,694 ("the '694 Patent") is titled "Device Centric Controls For A Device Controlled Through A Web Portal," that the '694 Patent states on its face that it issued on May 29, 2012, and that a copy of what appears to be the '694

Patent was attached to the Complaint as Exhibit B.  BlackBerry denies the remaining allegations of Paragraph 26.

27. BlackBerry lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies them.

28. BlackBerry denies each and every allegation of Paragraph 28.

29. BlackBerry denies each and every allegation of Paragraph 29.

30. BlackBerry denies each and every allegation of Paragraph 30.

31. BlackBerry denies each and every allegation of Paragraph 31.

32. BlackBerry admits that it received correspondence dated August 27, 2013, from a representative of Zipit, and that this letter referred to the '694 patent.  BlackBerry denies the remaining allegations of Paragraph 32.

33. BlackBerry denies each and every allegation of Paragraph 33.

34. BlackBerry denies each and every allegation of Paragraph 34.

35. BlackBerry denies each and every allegation of Paragraph 35.

36. BlackBerry denies each and every allegation of Paragraph 36.

37. BlackBerry admits that residents of South Carolina, including those of Greenville, South Carolina, may purchase BlackBerry devices.  BlackBerry denies the remaining allegations of Paragraph 37.

38. BlackBerry denies each and every allegation of Paragraph 38.

39. BlackBerry denies each and every allegation of Paragraph 39.

40. BlackBerry denies each and every allegation of Paragraph 40.

## COUNT THREE:  ALLEGED PATENT INFRINGEMENT
## (U.S.  PATENT NO.  7,292,870)

41. BlackBerry realleges and incorporates herein the preceding responses of this Answer as if fully set forth herein.

42. BlackBerry admits that U.S.  Patent No.  7,292,870 ("the '870 Patent") is titled "Instant Messaging Terminal Adapted For WI-FI Access Points," that the '870 Patent states on its face that it issued on November 6, 2007, and that a copy of what appears to be the '870 Patent was attached to the Complaint as Exhibit C.  BlackBerry denies the remaining allegations of Paragraph 42.

43. BlackBerry lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies them.

44. BlackBerry denies each and every allegation of Paragraph 44.

45. BlackBerry denies each and every allegation of Paragraph 45.

46. BlackBerry denies each and every allegation of Paragraph 46.

47. BlackBerry denies each and every allegation of Paragraph 47.

48. BlackBerry admits that it received correspondence dated August 27, 2013, from a representative of Zipit, and that this letter referred to the '870 patent.  BlackBerry denies the remaining allegations of Paragraph 48.

49. BlackBerry denies each and every allegation of Paragraph 49.

50. BlackBerry denies each and every allegation of Paragraph 50.

51. BlackBerry denies each and every allegation of Paragraph 51.

52. BlackBerry denies each and every allegation of Paragraph 52.

53.     BlackBerry admits that residents of South Carolina, including those of Greenville, South Carolina, may purchase BlackBerry devices.  BlackBerry denies the remaining allegations of Paragraph 53.

54.     BlackBerry denies each and every allegation of Paragraph 54.

55.     BlackBerry denies each and every allegation of Paragraph 55.

56.     BlackBerry denies each and every allegation of Paragraph 56.

## COUNT FOUR:  ALLEGED PATENT INFRINGEMENT
## (U.S.  PATENT NO.  8,086,678)

57.     BlackBerry realleges and incorporates herein the preceding responses of this Answer as if fully set forth herein.

58.     BlackBerry admits that U.S.  Patent No.  8,086,678 ("the '678 Patent") is titled "Device Centric Controls For A Device Controlled Through A Web Portal," that the '678 Patent states on its face that it issued on December 27, 2011, and that a copy of what appears to be the '678 Patent was attached to the Complaint as Exhibit D.  BlackBerry denies the remaining allegations of Paragraph 58.

59.     BlackBerry lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and therefore denies them.

60.     BlackBerry denies each and every allegation of Paragraph 60.

61.     BlackBerry denies each and every allegation of Paragraph 61.

62.     BlackBerry denies each and every allegation of Paragraph 62.

63.     BlackBerry denies each and every allegation of Paragraph 63.

64.     BlackBerry admits that it received correspondence dated August 27, 2013, from a representative of Zipit, and that this letter referred to the '678 patent.  BlackBerry denies the remaining allegations of Paragraph 64.

65. BlackBerry denies each and every allegation of Paragraph 65.

66. BlackBerry denies each and every allegation of Paragraph 66.

67. BlackBerry denies each and every allegation of Paragraph 67.

68. BlackBerry denies each and every allegation of Paragraph 68.

69. BlackBerry admits that residents of South Carolina, including those of Greenville, South Carolina, may purchase BlackBerry devices. BlackBerry denies the remaining allegations of Paragraph 69.

70. BlackBerry denies each and every allegation of Paragraph 70.

71. BlackBerry denies each and every allegation of Paragraph 71.

72. BlackBerry denies each and every allegation of Paragraph 72.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (NONINFRINGEMENT OF THE '837 PATENT)

73. BlackBerry has not directly or otherwise infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '837 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### SECOND AFFIRMATIVE DEFENSE
### (NONINFRINGEMENT OF THE '694 PATENT)

74. BlackBerry has not directly or otherwise infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '694 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE
### (NONINFRINGEMENT OF THE '870 PATENT)

75. BlackBerry has not directly or otherwise infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '870 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### FOURTH AFFIRMATIVE DEFENSE
### (NONINFRINGEMENT OF THE '678 PATENT)

76. BlackBerry has not directly or otherwise infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '678 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### FIFTH AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE '837 PATENT)

77. The claims of the '837 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, and/or 112, and/or other nonstatutory grounds.

### SIXTH AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE '694 PATENT)

78. The claims of the '694 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, and/or 112, and/or other nonstatutory grounds.

### SEVENTH AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE '870 PATENT)

79. The claims of the '870 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, and/or 112, and/or other nonstatutory grounds.

### EIGHTH AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE '678 PATENT)

80. The claims of the '678 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, and/or 112, and/or other nonstatutory grounds.

### NINTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

81. Zipit's Complaint fails to state a claim on which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE
### (LACHES)

82. Zipit's claims for relief are barred in whole or in part by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL AND/OR PROSECUTION HISTORY ESTOPPEL)

83. By virtue of statements made, amendments made, and/or positions taken in and during the prosecution of the applications for the '837, '694, '870, and '678 Patents and any applications to which the '837, '694, '870, and '678 Patents claim priority or benefit or are otherwise related, including: U.S. Patent Application Nos. 60/995,107; 60/532,000; 10/846,236; 12/236,441; 13/437,135; and all foreign counterparts, Zipit is estopped from asserting that the '837, '694, '870, and '678 Patents cover or include, either literally or by application of the doctrine of equivalents, any BlackBerry product or method involving the use of any BlackBerry product. To the extent that Zipit alleges infringement under the doctrine of equivalents, Zipit's claims are barred under, by way of example, at least the doctrine of prosecution history estoppel.

## TWELFTH AFFIRMATIVE DEFENSE
### (LIMITATIONS ON DAMAGES)

84. Zipit's claims for damages are statutorily limited by 35 U.S.C. §§ 286 (Statute of Limitations), 287 (Patent Marking), and/or 288 (Disclaimer of Invalid Claims), and additionally may be limited by 28 U.S.C. §1498 (Government Sales).

## THIRTEENTH AFFIRMATIVE DEFENSE
### (NO INJUNCTIVE RELIEF)

85. Zipit is not entitled to injunctive relief because any alleged injury is not immediate or irreparable, and Zipit has an adequate remedy at law for any alleged injury.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (WAIVER/ EQUITABLE ESTOPPEL)

86. Zipit's claims of patent infringement are barred by the doctrines of waiver and/or equitable estoppel.

## AMENDED COUNTERCLAIMS FOR DECLARATORY RELIEF

BlackBerry counterclaims against Zipit as follows:

### THE PARTIES

87. BlackBerry Limited is a Canadian corporation with its principal place of business at 2200 University Avenue East, Waterloo, Ontario, Canada N2k 0A7.

88. BlackBerry Corporation is a Delaware corporation with its principal place of business at 5000 Riverside Drive, Irving, TX 75039.

89. According to its Complaint, Zipit is a Delaware Corporation with a principal place of business at 550 South Main Street, Suite 525, Greenville, South Carolina 29601.

### JURISDICTION AND VENUE

90. These counterclaims arise under the patent laws of the United States, Title 35, U.S.C. §§ 101 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

91.　　This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-02. By filing its Complaint, Zipit has consented to the personal jurisdiction of this Court.

92.　　Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

93.　　By virtue of Zipit having filed its Complaint in this action, an actual, justiciable controversy exists between the BlackBerry and Zipit concerning the non-infringement and invalidity of the '837, '694, '870, and '678 patents within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

### FIRST COUNTERCLAIM
### (Declaratory Judgment that the '837 Patent is Not Infringed)

94.　　BlackBerry realleges and incorporates herein the preceding paragraphs of these counterclaims as if fully set forth herein.

95.　　In its Complaint, Zipit purports to be the owner of the '837 Patent and has alleged in its Complaint that BlackBerry infringes the '837 Patent.

96.　　BlackBerry has not directly or otherwise infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '837 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

97.　　BlackBerry is entitled to a declaratory judgment that it does not infringe any valid claim of the '837 Patent.

### SECOND COUNTERCLAIM
### (Declaratory Judgment that the '837 Patent is Invalid)

98.　　BlackBerry realleges and incorporates herein the preceding paragraphs of these counterclaims as if fully set forth herein.

99. The claims of the '837 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, and/or 112, and/or other nonstatutory grounds.

100. BlackBerry is entitled to a declaratory judgment that the claims of the '837 Patent are invalid.

## THIRD COUNTERCLAIM
### (Declaratory Judgment that the '694 Patent is Not Infringed)

101. BlackBerry realleges and incorporates herein the preceding paragraphs of these counterclaims as if fully set forth herein.

102. In its Complaint, Zipit purports to be the owner of the '694 Patent and has alleged in its Complaint that BlackBerry infringes the '694 Patent.

103. BlackBerry has not directly or otherwise infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '694 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

104. BlackBerry is entitled to a declaratory judgment that it does not infringe any valid claim of the '694 Patent.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment that the '694 Patent is Invalid)

105. BlackBerry realleges and incorporates herein the preceding paragraphs of these counterclaims as if fully set forth herein.

106. The claims of the '694 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, and/or 112, and/or other nonstatutory grounds.

107. BlackBerry is entitled to a declaratory judgment that the claims of the '694 Patent are invalid.

## FIFTH COUNTERCLAIM
### (Declaratory Judgment that the '870 Patent is Not Infringed)

108. BlackBerry realleges and incorporates herein the preceding paragraphs of these counterclaims as if fully set forth herein.

109. In its Complaint, Zipit purports to be the owner of the '870 Patent and has alleged in its Complaint that BlackBerry infringes the '870 Patent.

110. BlackBerry has not directly or otherwise infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '870 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

111. BlackBerry is entitled to a declaratory judgment that it does not infringe any valid claim of the '870 Patent.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment that the '870 Patent is Invalid)

112. BlackBerry realleges and incorporates herein the preceding paragraphs of these counterclaims as if fully set forth herein.

113. The claims of the '870 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, and/or 112, and/or other nonstatutory grounds.

114. BlackBerry is entitled to a declaratory judgment that the claims of the '870 Patent are invalid.

### SEVENTH COUNTERCLAIM
### (Declaratory Judgment that the '678 Patent is Not Infringed)

115. BlackBerry realleges and incorporates herein the preceding paragraphs of these counterclaims as if fully set forth herein.

116. In its Complaint, Zipit purports to be the owner of the '678 Patent and has alleged in its Complaint that BlackBerry infringes the '678 Patent.

117. BlackBerry has not directly or otherwise infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '678 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

118. BlackBerry is entitled to a declaratory judgment that it does not infringe any valid claim of the '678 Patent.

### EIGHTH COUNTERCLAIM
### (Declaratory Judgment that the '678 Patent is Invalid)

119. BlackBerry realleges and incorporates herein the preceding paragraphs of these counterclaims as if fully set forth herein.

120. The claims of the '678 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, and/or 112, and/or other nonstatutory grounds.

121. BlackBerry is entitled to a declaratory judgment that the claims of the '678 Patent are invalid.

### EXCEPTIONAL CASE

122. This is an exceptional case entitling BlackBerry to attorneys' fees under 35 U.S.C. § 285.

## JURY DEMAND

123.	BlackBerry demands a trial by jury of all issues so triable.

## RESERVATION OF COUNTERCLAIMS
## AND ADDITIONAL AFFIRMATIVE DEFENSES

124.	Discovery in the case has not yet commenced, and BlackBerry continues to investigate (i) the allegations in the Complaint, and (ii) Zipit's basis for filing these allegations. BlackBerry, therefore, gives notice that it intends to rely on any additional counterclaims and affirmative defenses that may become available through discovery, and BlackBerry reserves the right to amend its Answer to assert any such additional counterclaims and affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, BlackBerry denies that Zipit is entitled to any relief as prayed for in the Complaint and, accordingly, respectfully requests that this Court enter a judgment:

1.	Finding that Zipit is not entitled to any relief;

2.	Dismissing Zipit's Complaint and claims alleged therein with prejudice;

3.	Finding that BlackBerry has not infringed and is not infringing any of the claims of the '837 Patent;

4.	Finding that BlackBerry has not infringed and is not infringing any of the claims of the '694 Patent;

5.	Finding that BlackBerry has not infringed and is not infringing any of the claims of the '870 Patent;

6.	Finding that BlackBerry has not infringed and is not infringing any of the claims of the '678 Patent;

7.	Finding that each asserted claim of the '837 Patent is invalid;

8.	Finding that each asserted claim of the '694 Patent is invalid;

9.      Finding that each asserted claim of the '870 Patent is invalid;

10.     Finding that each asserted claim of the '678 Patent is invalid;

11.     Enjoining Zipit and/or any of its successors and attorneys, and all persons concerned with, or participating with any of them, from directly or indirectly asserting any claim of infringement against, or instituting any further action for infringement of the '837 Patent against, BlackBerry, or any of its customers, suppliers, agents, successors, and assignees;

12.     Enjoining Zipit and/or any of its successors and attorneys, and all persons concerned with, or participating with any of them, from directly or indirectly asserting any claim of infringement against, or instituting any further action for infringement of the '694 Patent against, BlackBerry, or any of its customers, suppliers, agents, successors, and assignees;

13.     Enjoining Zipit and/or any of its successors and attorneys, and all persons concerned with, or participating with any of them, from directly or indirectly asserting any claim of infringement against, or instituting any further action for infringement of the '870 Patent against, BlackBerry, or any of its customers, suppliers, agents, successors, and assignees;

14.     Enjoining Zipit and/or any of its successors and attorneys, and all persons concerned with, or participating with any of them, from directly or indirectly asserting any claim of infringement against, or instituting any further action for infringement of the '678 Patent against, BlackBerry, or any of its customers, suppliers, agents, successors, and assignees;

15.     Finding that this action is exceptional under the definitions of 35 U.S.C. § 285 and awarding BlackBerry its reasonable attorneys' fees, expenses, and costs incurred in connection with this case; and

16.     Awarding BlackBerry such further relief, in law or in equity, as this Court may deem just and proper under the circumstances.

February 20, 2014

                                       Respectfully submitted,

                                       **HAYNSWORTH SINKLER BOYD, P.A.**

                                       By: s/ Steve A. Matthews
                                             Steve A. Matthews
                                             Federal ID No. 5119
                                             smatthews@hsblawfirm.com
                                       1201 Main Street (29201-3226)
                                       P.O. Box 11889 (29211-1889)
                                       Columbia, South Carolina
                                       (803) 779-3080

                                       *Counsel for Defendants*

**OF COUNSEL**:
*(Admitted pro hac vice)*
Andrew N. Thomases
**ROPES & GRAY LLP**
1900 University Avenue 6th Floor
East Palo Alto, California 94303-2284
(650) 617-4000

Gene W. Lee
Todd M. Simpson
Matthew J. Moffa
Kyotaro Hemmi
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
(212) 596-9000

17