**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| ZIPIT WIRELESS INC., ) ) Plaintiff, ) ) v. ) ) BLACKBERRY LIMITED f/k/a RESEARCH IN MOTION LIMITED and BLACKBERRY CORPORATION f/k/a RESEARCH IN MOTION CORPORATION, ) ) ) ) ) ) Defendants. ) | Civil Action No. 6:13-cv-2959-JMC<br><br>**CONSENT AMENDED SCHEDULING ORDER**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules, the following schedule is established for this case:

| **ACTION** | **DEADLINE** |
|---|---|
| **Exchange** Initial Disclosures under Rule 26(a)(1)<br><br>The parties have agreed to limit the scope of the disclosures to those required by F.R.C.P. 26(a)(1)(A). *See* FRCP 26(f)(3)(A). The parties may update or supplement their initial disclosures based on documents and information revealed through discovery in this action or otherwise, or based on any amended pleadings, or for good cause shown. | **March 03, 2014** |
| **File** Rule 26(f) Report and Statement Regarding Mediation<br><br>The parties' statement regarding mediation is included herein. | **March 03, 2014** |

| **ACTION** | **DEADLINE** |
|---|---|
| <u>Serve</u> **Infringement Contentions**<br><br>See **Guidelines Regarding Contentions** below. | April 18, 2014 |
| <u>Serve</u> **Invalidity Contentions**<br><br>See **Guidelines Regarding Contentions** below. | June 4, 2014 |
| <u>**Deadline to File**</u> **Motions to Join Other Parties or Amend Pleadings (Fed. R. Civ. P. 16(b)(3)(A))** | July 23, 2014 |
| **Simultaneous <u>Exchange</u> of Proposed Terms for Construction**<br><br>Each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court, and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6).<br><br>The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.<br><br>Plaintiff proposes that, in accordance with Northern District of California Patent L.R. 4.1(b), the parties shall also jointly identify the 10 terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive. Defendants agree to this provision except, at this time, for the limitation to 10 claim terms. | July 30, 2014 |

- 2 -

| ACTION | DEADLINE |
|---|---|
| This disclosure is not admissible evidence for any purpose other than a motion for extension of time. | |
| **Simultaneous <u>Exchange</u> of Preliminary Claim Constructions and Extrinsic Evidence[1]** | **August 20, 2014** |

---

**[1] Relationship to Federal Rules of Civil Procedure**

Except as provided in this paragraph or as otherwise ordered, it shall not be a ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, this Proposed Case Schedule, absent other legitimate objection.  A party may object, however, to responding to the following categories of discovery requests (or decline to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) on the ground that they are premature in light of the timetable provided in this Proposed Case Schedule:

  (a) Requests seeking to elicit a party's claim construction position;

  (b) Requests seeking to elicit from  Zipit a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

  (c) Requests seeking to elicit from BlackBerry a comparison of the asserted claims and the prior art; and

  (d) Requests seeking to elicit from a party the identification of any advice of counsel, and related documents.

| ACTION | DEADLINE |
|---|---|
| The parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function.<br><br>At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.<br><br>The parties shall thereafter meet and confer for the purposes of narrowing | |

---

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to be provided to an opposing party in this Proposed Case Schedule or as set by the Court, unless there exists another legitimate ground for objection.

| **ACTION** | **DEADLINE** |
|---|---|
| the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.<br><br>This disclosure is not admissible evidence for any purpose other than a motion for extension of time. | |
| **File Joint Claim Construction and Prehearing Statement**<br><br>The parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:<br><br>(a)     The construction of those terms on which the parties agree;<br><br>(b)     Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;<br><br>(c)     As set forth in Northern District of California Patent L.R. 4.1(b), Plaintiff proposes an identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 10. Plaintiff further proposes that the parties shall also identify any term among the 10 whose construction will be case or claim dispositive. Plaintiff proposes that, if the parties cannot agree on the 10 most | September 3, 2014 |

- 5 -

| **ACTION** | **DEADLINE** |
|---|---|
| significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. Plaintiff proposes that, the total terms identified by all parties as most significant cannot exceed 10.  For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify only one additional term as most significant.  Defendants agree to this provision except, at this time, for the limitation to 10 claim terms.<br><br>(d)     The anticipated length of time necessary for the Claim Construction Hearing;<br><br>(e)     Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction. | |
| **Completion of Claim Construction Discovery**<br><br>The parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Preliminary Claim Construction Statement or Joint Claim Construction and Prehearing Statement. | **October 8, 2014** |

- 6 -

| ACTION | DEADLINE |
|---|---|
| **Both parties simultaneously file Opening Claim Construction Briefs** | October 15, 2014 |
| **Both parties simultaneously file Responsive Claim Construction Briefs** | November 13, 2014 |
| **Parties ready for Claim Construction Hearing** | December 10, 2014 |
| **Advice of Counsel**<br><br>Not later than 30 days after service by the Court of its Claim Construction Ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall:<br><br>(a)     Produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client and work product protection have been waived;<br><br>(b)     Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and<br><br>(c)     Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection.<br><br>A party who does not comply with this requirement shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all | |

- 7 -

| ACTION | DEADLINE |
|---|---|
| parties or by order of the Court. | |
| **Deadline to File and Serve** Affidavits of Records Custodian Witnesses Proposed to be Presented by Affidavit at Trial<br><br>See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3) DSC. | **March 25, 2015** |
| **Deadline to File and Serve** Objections to Affidavits of Records Custodian Witnesses Proposed to be Presented by Affidavit at Trial<br><br>See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3) DSC. | **April 8, 2015** |
| **Deadline** to Complete Fact Discovery<br><br>See **Limitations On Fact Discovery** below. | **April 22, 2015** |
| **On Any Issue on Which a Party Will Bear the Burden of Proof:**<br><br>**File and Serve** a document identifying by full name, address, and telephone number each person whom the party expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been or is being served.<br><br>**Serve** Opening Expert Disclosures Pursuant to Fed. R. Civ. Pro. 26(a)(2)(A-E)<br><br>Accompanying the expert report regarding infringement, Plaintiffs will | **May 20, 2015** |

| **ACTION** | **DEADLINE** |
|---|---|
| provide a chart that shall identify, on a claim-element-by-claim-element basis for each of the claims asserted in the case: (1) all claims of the asserted patents that the Plaintiff contends are infringed by an instrumentality of a Defendant in this action; and (2) all accused instrumentalities of each Defendant together with an explanation, for each limitation of each asserted claim, of how each such instrumentality infringes each claim limitation, whether the accused instrumentality literally infringes the claim limitation, infringes by doctrine of equivalents, induces others to infringe the claim, or infringes the claim contributorily. See also FRCP 26(f)(3)(E). | |
| **On Any Issue on Which a Party Will Not Bear the Burden of Proof:** **File and Serve** a document identifying by full name, address, and telephone number each person whom the party expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been or is being served. **Serve** Responsive Expert Disclosures Pursuant to Fed. R. Civ. Pro. 26(a)(2)(A-E) For any claim element that Defendants deny is found in an accused instrumentality pursuant to the Plaintiff's opening expert report (whether accused literally, under the doctrine of equivalents, of contributory infringement, or of induced infringement), Defendants shall serve a chart | **June 17, 2015** |

- 8 -

- 9 -

| ACTION | DEADLINE |
|---|---|
| identifying the reasons the accused instrumentality does not include the claim element or perform in accordance with the claim element. See also FRCP 26(f)(3)(E). | |
| **Deadline to Complete Expert Discovery** | **July 15, 2015** |
| **Deadline to Participate in Court Ordered Mediation and Inform Court of Results Upon Completion (modifies deadline in Dkt. No. 23)** Pursuant to Dkt. No. 22 ¶ 3, the undersigned counsel certify that they have (1) discussed the availability of mediation with their client; (2) discussed the advisability and timing of mediation with opposing counsel and determined that the corresponding deadline to complete mediation is appropriate; and (3) advise the Court that the parties agree to participate in mediation as described in the Court's January 28, 2014 Order to Conduct Mediation (Dkt. No. 23). | **July 22, 2015** |
| **File Opening Summary Judgment and *Daubert* Motions** | **August 12, 2015** |
| **File Oppositions to Summary Judgment and *Daubert* Motions** | **September 2, 2015** |
| **File Reply Summary Judgment and *Daubert* Motions** | **September 16, 2015** |
| **File and Exchange Pretrial Disclosures Under FRCP 26(a)(3) Which Include a Witness List, Deposition Designations, and a Trial Exhibit List** | **November 4, 2015** |

| ACTION | DEADLINE |
|---|---|
| **File Motions in Limine** | **November 4, 2015** |
| **File and Exchange** any Objections Under FRCP 26(a)(3) to Deposition Designations and Trial Exhibits and Identification of any Counter Deposition Designations Under FRCP 32(a)(6) and Counter Trial Exhibits | **November 18, 2015** |
| **File Oppositions to Motions in Limine** | **November 18, 2015** |
| **Deadline** for Parties to Exchange and Mark all Exhibits (Local Civil Rule 26.07 DSC) | **November 23, 2015** |
| **File and Exchange** any Objections Under FRCP 26(a)(3) to Counter Deposition Designations and Counter Trial Exhibits | **November 23, 2015** |
| **Furnish to Court** Pretrial Briefs Accompanied by Requested Voir Dire Questions and Jury Instructions (Local Civil Rule 26.05 DSC (<u>serve</u> final list of exhibits (§ N) and voir dire questions and jury instructions (§ O) on opposing counsel)) | **November 30, 2015** |
| **Parties ready for Jury Selection followed by Trial**  **The parties expect that they will need ten (10) trial days (assuming 6 hour jury days) to present the evidence in this case.**  Pursuant to Dkt. No. 22 n.2, the parties state that they have considered whether they wish to consent to trial before a United Sates Magistrate Judge.  The parties do not so consent and request trial before a District | **December 7, 2015** |

| ACTION | DEADLINE |
|---|---|
| Court Judge. | |

## I.     LIMITATIONS ON FACT DISCOVERY [FRCP 26(F)(3)(E)]

   a.   **Governing Rules:**  The parties shall conduct all discovery in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the District of South Carolina.

   b.   **Deadline for Service:**  Discovery shall be deemed completed by the close of fact discovery only if discovery is initiated at such time as to afford the responding party the full time provided under the applicable rule of the Federal Rules of Civil Procedure in which to respond prior to the discovery completion date noted above.

   c.   **Interrogatories, Requests for Production, and Requests for Admission:**  The parties agree that the number of interrogatories is limited to **twenty-five (25) per side**.  Each of the twenty-five interrogatories may include subparts, which shall not count as separate interrogatories as long as they reasonably relate to the interrogatory.  The parties agree that there is **no limit** on the number of requests for production.  The parties agree that the number of requests for admission is limited to **fifty (50) per side**, except that requests for admission relating to authenticity are unlimited.

   d.   **Fact Depositions:**  Pursuant to Fed. R. Civ. Pro. 30, the parties agree that the number of hours of fact depositions is limited to **seventy-five (75) hours per side**.  Fact depositions shall take place near the deponent's place of business or residence unless all parties consent to an alternate location.

- 11 -

  **e.** **Extension of Fact Discovery:** Any party may seek extension of the close of fact discovery for good cause shown.

  **f.** **Service:** Except for Plaintiff's already served written discovery requests, the parties agree that copies of all future written discovery requests and responses to written discovery requests shall be provided and/or served electronically (unless the volume of electronic information makes such delivery impractical). If papers are sent by e-mail on or before **5:00 p.m. Eastern Time** to the designated recipients of the receiving party then it will count as service by hand on that day. If the e-mail is sent after **5:00 p.m. Eastern Time** then it will count as service by hand on the following day. The foregoing sentences assume that the sender does not receive any indication that such e-mail was unsuccessful. Emails shall be sent to those attorneys that have entered an appearance for the receiving party.

  **g.** **Privilege Log:** The parties agree that no party is obligated to identify on its privilege log any privileged or work-product documents that were generated after the filing of this lawsuit, except opinions of counsel which a party reserves the right to rely upon relative to the issue of willfulness.

**II.** **GUIDELINES REGARDING CONTENTIONS**

  **a.** Disclosure of Asserted Claims and Infringement Contentions

    **i.** The "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

     (a) Each claim of each patent-in-suit that is allegedly infringed by BlackBerry, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of BlackBerry of which Zipit is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that Zipit contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

- 13 -

(e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(g) If Zipit wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, Zipit shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; and

(h) If Zipit alleges willful infringement, the basis for such allegation.

**ii.** Document Production Accompanying Disclosure

(a) With the "Disclosure of Asserted Claims and Infringement Contentions," Zipit shall produce to Blackberry or make available for inspection and copying:

(i) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with,

- 14 -

        disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit.  Zipit's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(ii)     All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent-in-suit or the priority date identified pursuant to § II(a)(i)(f), whichever is earlier;

(iii)    A copy of the file history for each patent-in-suit; and

(iv)    All documents evidencing ownership of the patent rights by Zipit; and

(v)     If Zipit identifies instrumentalities pursuant to § II(a)(i)(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities Zipit relies upon as embodying any asserted claims.

(b)     If Zipit identifies instrumentalities pursuant to § II(a)(i)(g), documents sufficient to show the operation of any aspects or

      elements of such instrumentalities Zipit relies upon as embodying any asserted claims.

   (c) Zipit shall separately identify by production number which documents correspond to each category.

**b.** Invalidity Contentions

  **i.** The "Invalidity Contentions" shall contain the following information:

   (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

  (b)  Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

  (c)  A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

  (d)  Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2), or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**ii.**  Document Production Accompanying Invalidity Contentions

  (a)  With the "Invalidity Contentions," BlackBerry shall produce or make available for inspection and copying:

    (i)  Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by Zipit in its Infringement Contentions chart; and

- 17 -

        (ii)    A copy or sample of the prior art identified pursuant to the Invalidity Contentions which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

  (b)    BlackBerry shall separately identify by production number which documents correspond to each category.

**iii.**    Amendment to Contentions

  (a)    Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:

        (i)    A claim construction by the Court different from that proposed by the party seeking amendment;

        (ii)    Recent discovery of material, prior art despite earlier diligent search; and

        (iii)    Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

SO ORDERED:

*J. Michelle Childs*
_____     March 4, 2014
J. Michelle Childs                          Greenville, South Carolina
United States District Judge

- 19 -