**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| ZIPIT WIRELESS INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BLACKBERRY LIMITED f/k/a RESEARCH IN MOTION LIMITED and BLACKBERRY CORPORATION f/k/a RESEARCH IN MOTION CORPORATION,<br><br>    Defendants. | Civil Action No. 6:13-cv-2959-JMC<br><br>**MOTION TO COMPEL**<br><br>**JURY TRIAL DEMANDED** |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
DISCOVERY RESPONSES**

Plaintiff Zipit Wireless Inc. ("Zipit") is a company based in Greenville, South Carolina that sells wireless secure messaging devices for businesses with critical messaging needs, such as healthcare providers. The founders and current management of Zipit pioneered advancements in internet-enabled instant messaging devices. As such, they have been granted several patents on their wireless instant messaging devices, which Zipit alleges defendants Blackberry Limited and Blackberry Corporation (collectively "Blackberry") infringe.

Zipit informed Blackberry of its infringement of the patents-in-suit in August 2013. Zipit filed this lawsuit in October 2013. After Zipit agreed to two extensions for Blackberry's responses to its requests for production of documents and interrogatories, Blackberry's responses were due on April 16, 2014. The correspondence confirming this extension is attached as Exhibit A.

Incredibly, in an April 17, 2014 letter, Blackberry states that it intends to "produce documents on a rolling basis" and "plans to complete substantially its document production by

1

the end of September 2014." Exhibit B. Blackberry, however, has not even complied with the unorthodox discovery schedule it attempted to set for itself. Blackberry has made only one document production, consisting only of user guides distributed with the accused products, and press releases and public financial statements..

Whatever Blackberry's "plans" may be, its responses are past due, it has not moved for a protective order, and its dilatory tactics are prejudicing Zipit's ability to prepare its case. Moreover, under Local Rule 37.01, if Zipit were to agree to Blackberry's request to essentially stay this case until September while it casually collects documents, Zipit would have no recourse if Blackberry's responses remained incomplete.

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 26 commands broad discovery of all relevant information. "[F]airness in the disposition of civil litigation is achieved when the parties to the litigation have knowledge of the relevant facts, and therefore the discovery rules are given a broad and liberal treatment." *National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992).

Asserting a boilerplate litany of virtually every conceivable objection and responding "subject to" the objections is an abusive discovery tactic that is not permitted. Similarly, "general objections" incorporated into every discovery response are not permitted and are waived.

The party resisting discovery "has the burden of clarifying, explaining and supporting its objections." *Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins.Co.*, No. 05-CV-41, 2006 U.S. Dist. LEXIS 68744, at *1, *17 (N.D.W.Va. Sept. 21, 2006). "The mere recitation of the familiar litany that an interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." *PLX, Inc. v. Prosystems, Inc.*, 220 F.R.D. 291, 293

(N.D.W.Va. 2004).  "These **boilerplate objections to discovery requests are highly disfavored in the Fourth Circuit**."  *Meade v. Schlumberger Tech. Corp.*, 2014 U.S. Dist. LEXIS 16318, at *3 (N.D. W. Va. Feb. 10, 2014) (emphasis added).

The Federal Rules of Civil Procedure do not permit a party to state objections and then respond "subject to the objections."  The District of Kansas recently addressed this issue in detail. The court first explained, "when a party responds that it is producing documents 'subject to and without waiving its objections,' the requesting party is left guessing as to whether the producing party has produced all documents, or only produced some documents and withheld others on the basis of privilege." *Sprint Communs. Co., L.P. v. Comcast Cable Communs.*, LLC, 2014 U.S. Dist. LEXIS 16938, at *8 (D. Kan. Feb. 11, 2014).  Second, the court explained, "In addition to their failure to convey any information, conditional responses are not permitted by the Federal Rules of Civil Procedure."  *Id*. at *10.  And third, the court explained,

> courts have recognized that conditional responses violate common sense. . . .  [I]f Rule 34 were read to allow parties to combine objections with a partial response that does not specify whether other potentially responsive material is being withheld, discovery would break down in practically every case.

*Id*. at *11.  Finally, the court held:

> The court recognizes that it has become common practice among many practitioners to respond to discovery requests by asserting objections and then answering "subject to" or "without waiving" their objections. This practice, however, is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure. The court joins a growing number of federal district courts in concluding that such conditional answers are invalid and unsustainable.

*Id.* at *8.  *See also, e.g.*, *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Ohio 1964) ("Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."); *Tardif v. People for the Ethical Treatment of Animals*, 2011 U.S. Dist. LEXIS 47132, at *3-4 (M.D. Fla. Apr. 29, 2011) ("Objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules."); *Haeger v. Goodyear Tire*

3

*& Rubber Co.*, 906 F. Supp. 2d 938, 977 (D. Ariz. 2012) ("Were Goodyear correct that Rule 34 allows litigants to make undisclosed partial document productions, discovery would break down in practically every case."); *Pro Fit Mgmt. v. Lady of Am. Franchise Corp.*, 2011 U.S. Dist. LEXIS 19151, at *28 (D. Kan. Feb. 25, 2011) ("it appears that Plaintiff is not concerned with Defendant's objections . . . but rather takes issue with Defendant's response . . . 'subject to' its objections. The Court finds this complaint to be well-founded."); *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465 (S.D. Fla. Sept. 18, 2008) ("Such an objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court."); *Mann v. Island Resorts Dev., Inc.*, No. 2009 U.S. Dist. LEXIS 130436, at *9 (N.D. Fla. Feb. 21, 2009) ("This court cannot logically conclude that the objection survives the answer.").

Finally (and similarly), "General objections to discovery, without more, do not satisfy the burden of the responding party[.]" *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D.W.Va. 2010). Such objections "cannot be applied with sufficient specificity to enable courts to evaluate their merits." *Id*. As a result, the only available manner of dealing with these objections is to deem them waived. *See, e.g.*, *Mills v. East Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118, 132 (S.D. W. Va. 2009) ("Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections.").

## II.     **BLACKBERRY'S ABUSIVE AND EVASIVE DISCOVERY RESPONSES**

Blackberry's responses to Zipit's requests for production of documents and interrogatories were originally due on March 17, 2014. Zipit agreed to an extension for Blackberry's responses to March 24, 2014. Counsel for Blackberry, however, was unable to meet and confer regarding its discovery responses until April 7, 2014. During that meet and

confer, Zipit agreed to a second extension for Blackberry's responses, making them due on April 21, 2014. Exhibit A.

Despite multiple extensions of time to respond, Blackberry has produced only user guides distributed with the accused products, and press releases and public financial statements.. In a letter dated April 17, 2014, counsel for Blackberry states "BlackBerry plans to complete substantially its document production by the end of September 2014." Exhibit B. Blackberry's discovery obligations are governed by the Federal Rules of Civil Procedure and this Court's Rules and Orders. Blackberry does not get to unilaterally determine its own schedule for this case. Zipit already agreed to reasonable extensions for Blackberry to provide complete discovery responses. Zipit cannot accommodate Blackberry's "plans" to wait another 5 months before providing the information necessary for Zipit to prepare its case.

Blackberry insists that it wants a confidentiality order in place before producing documents. As an initial matter, Blackberry's position that its only relevant non-confidential documents are user guides and public press releases and SEC filings is untenable. Moreover, Zipit has offered to file the Court's standard form Consent Confidentiality Order. Blackberry refused. Blackberry instead insisted on a confidentiality order that goes far beyond matters of confidentiality and would severely burden Zipit. As but one example, Blackberry—a multi-billion dollar international company—insisted on a "confidentiality order" that would force Zipit to pay Blackberry's expenses for participating in discovery. At this point, Blackberry has not moved for any protective order, and has wholly failed to comply with its discovery obligations.

  **A.**  **Blackberry's Responses to Zipit's Requests for Production of Documents**

Blackberry's responses to Zipit's Requests for Production of Documents are attached as Exhibit C. The responses include 20 boilerplate "general objections," as well as well as duplicative boilerplate objections in each specific response. Both are inappropriate.

### 1. BlackBerry's Purported "General Objections" Should be Deemed Waived

Blackberry's responses to Zipit's Requests for Production of Documents begin with 20 boilerplate "general objections." Blackberry asserts that it "incorporates each of these General Objections into its specific Responses to each of Zipit's Requests for production of documents, whether or not each such General Objection is expressly referred to in a specific Response." Exh. D, at 1. Among other things, Blackberry's "general objections" purport to include objections "to the extent" Zipit's requests:

- "are directed to matters that are not relevant;"

- "seek documents and things that are protected by the attorney-client privilege, work product immunity, common interest privilege, joint defense privilege, or any other applicable privilege or immunity;"

- "seek documents or things that are subject to a confidentiality obligation to a non-party;"

- "they are vague, ambiguous, indefinite, and/or use undefined terms;"

- "they are overly broad, unduly burdensome, and oppressive, particularly to the extent that a Request seeks "all" documents or things;"

- "they seek documents or things such that the burden, or expense, of production outweighs its likely benefit in resolving the issues of this action;"

Ex. A, at 3–4.

In another telling example of Blackberry's abusive discovery tactics, Blackberry's "general objections" state: "In the responses herein to Zipit's Requests, the phrase 'BlackBerry will produce documents' or the like does not mean that responsive documents or things

necessarily exist." In other words, Blackberry's "general objections" purport to reserve the right to lie in its responses.

Blackberry's "general objections" leave Zipit with no ability to determine what, if anything, Blackberry is withholding based upon the objections, and to ascertain the propriety of the objections. Accordingly, Zipit respectfully requests that the Court deem each of Blackberry's 20 purported "general objections" waived.

### 2. Blackberry's Boilerplate Objections to Each of Zipit's Requests

In its specific responses, Blackberry similarly recites lists of boilerplate objections. In response to Zipit's Request Nos. 1–11, 14, 16, 19–20, 26–30, 37–40, 43–46, 49–50, 52, 54, 56–58, 60–62, 64, 70–71, and 76–78 Blackberry states "without waving and subject to the foregoing objections" it will produce responsive documents. After, multiple extensions of time to do so, however, Blackberry has not produced the documents.

Moreover, even if Blackberry had produced the documents, Blackberry's response "without waiving and subject to" its laundry list of objections is inappropriate. Zipit would be unable to determine what information Blackberry is withholding based upon the objections, and consider whether the objections are valid. This is "is manifestly confusing (at best) and misleading (at worse)[.]" *Sprint Communs. Co., L.P. v. Comcast Cable Communs.*, LLC, 2014 U.S. Dist. LEXIS 16938, at *8 (D. Kan. Feb. 11, 2014).

In response to Zipit's Request Nos. 12–13, 17–18, 22–25, 34, 41–42, 47–48, 51, 65–66, and 79 Blackberry states "Without waiving and subject to the foregoing objections, BlackBerry is willing to meet and confer with counsel for Zipit in an attempt to understand and narrow the scope of this request." After multiple meet and confers, however, Blackberry has not produced the responsive information.

Finally, in response to Zipit's Request Nos. 15, 21, 31–33, 35–36, 53, 55, 59, 63, 67–69, 72–75 Blackberry asserts rote objections with no further response.

### B.     Zipit's Requests for Production of Documents Seek Relevant and Discoverable Information

#### 1.     Documents Describing the Operation and Functionality of the Accused Devices

Zipit's Request Nos. 2–5, 39–40, 80–100 seek the documents necessary for Zipit to understand the operation and functionality of the accused devices.  There is simply no theory under which Blackberry may properly withhold this information.  Indeed, Zipit should have had this information to use in preparing its infringement contentions, which were due on May 2, 2104.  At the very least, Zipit will need this information to formulate its final infringement contentions.   The Consent Amended Scheduling Order (D.I. 31) provided for Zipit's infringement contentions to be due on April 18, 2014.  By agreement, the parties have extended the deadline for two weeks to correspond to the same extension for Blackberry's discovery responses.  Zipit's infringement contentions were due and served on May 2, 2014 without the benefit of Blackberry's document production, including the information that Blackberry acknowledges is necessary to "show how accused products work[.]"  Exhibit B.  In its infringement contentions, Zipit is to provide, among other things, "A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality."  Consent Amended Scheduling Order (D.I. 31), at 14.

Blackberry has severely prejudiced Zipit's case by forcing it to produce its infringement contentions without the necessary information from Blackberry to properly formulate those infringement contentions.  Accordingly, in addition to an order compelling Blackberry to produce all documents response to the above requests, Zipit's asks that the Court grant it leave to amend and supplement its infringement contentions for 30 days after Blackberry produces all of

the necessary documents.  *See, e.g.*, *MedioStream, Inc. v. Microsoft Corp.*, 2010 U.S. Dist. LEXIS 110420, at *18 (E.D. Tex. Oct. 18, 2010) **("**Sonic Solutions concedes that it did not provide the necessary discovery until August 2009[.] . . . Accordingly, the Court finds that this factor weighs in favor of granting Mediostream leave to amend its infringement contentions.").

### 2. Documents to Enable Zipit to Ascertain its Damages as a Result of Blackberry's Patent Infringement

Zipit's Request Nos. 6–11, 14–15, 17–18, 20, 41–55, 67–68, 69–79, 37–38 seek the documents required for Zipit to determine its damages.  As is often the case in patent litigation, it will be necessary for Zipit to rely on expert testimony as to the extent of its damages resulting from Blackberry's infringement.  *See generally* 35 U.S.C. § 284 ("The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances.").  Accordingly, Zipit must get the necessary information from Blackberry, retain a competent expert, and allow him or her sufficient time to formulate opinions about this complex issue.  So here again, Blackberry's dilatory tactics are prejudicing Zipit's ability to prepare its case.

### 3. Documents Related to Blackberry's Patents and Patent Applications

Zipit's Request Nos. 12–13, 22–25, 33–34 seek information about Blackberry's own patents and patent applications.  Patents and associated documents and communications that Blackberry contends cover the accused devices are relevant to this case.  For example, in 2010 during the prosecution of one of Blackberry's own patents (U.S. Patent No. 7,825,900) the Patent and Trademark Office rejected multiple patents claims as anticipated or unpatentable over Zipit's Patent No. 7,292,870, which Zipit has asserted in this case.  Blackberry now contends that Zipit's '870 patent is invalid because of Blackberry's alleged prior art.  Yet Blackberry actually had patent claims rejected because of *Zipit's* prior art.  These documents are clearly relevant to this case.

### 4. Documents that Support Blackberry's Representations and Allegations

Zipit's Request Nos. 16, 19, 56, seek the documents providing the factual bases for Blackberry's statements in its pleadings and other documents. Blackberry has made serious allegations in this case. As one example, Blackberry alleges that Zipit is barred from asserting its patents because of statements made to the U.S. Patent and Trademark Office. Blackberry must have some basis for making such allegations. And Zipit is entitled to that information.

### 5. Blackberry's Document Retention Policies

Zipit's Request Nos. 26, 64 seek information related to Blackberry's document retention policies and the possible destruction of any relevant information. *See, e.g.*, *Petersen v. Union Pac. R.R.*, 2006 U.S. Dist. LEXIS 49921, at *5 (C.D. Ill. July 21, 2006) ("These policies are clearly relevant and must be produced."); *Oleksy v. GE*, 2013 U.S. Dist. LEXIS 107638 (N.D. Ill. July 31, 2013) (overruling objections to Magistrate Judge's order compelling production of document retention policies). This issue is particularly concerning in this case since Blackberry has been on notice of this dispute since at least August 2013, yet contends that it needs until the end of September 2014, **more than a year later**, to gather and produce relevant documents.

### 6. Blackberry's Non-Infringement Contention

Zipit's Request No. 31 seeks documents related to Blackberry's allegations that it does not infringe the patents-in-suit, and that they are unenforceable.[1] Blackberry has asserted in

---

[1] The request also asks for information related to the validity of the patents-in-suit. However, Zipit served these requests before the Consent Scheduling Order was entered in this case, which includes a date for Blackberry to serve its invalidity contentions. Zipit acknowledges that Blackberry need not provide its information regarding the validity of the patents-in-suit prior to that date.

10

counterclaims, affirmative defenses, and elsewhere that it does not infringe the patents-in-suit, and that the patents-in-suit are unenforceable. Blackberry must have some basis for making these allegations and Zipit is entitled to discover it.

### 7.     The Identities of Witnesses with Relevant Information

Zipit's Request Nos. 57–58, 60, 65–66 are directed towards the identities of witnesses with knowledge relevant to this case. Such information is required as part of the parties' initial disclosures under FED. R. CIV. P. 26. Blackberry's position that it may wait until the end of September 2014 to produce the information is untenable.

### 8.     Communications Regarding this Lawsuit or Zipit

Zipit's Request Nos. 27–28 and 62 seek communications that refer to Zipit, the patents-in-suit, or this lawsuit. Such communications are clearly relevant. Blackberry stated in its responses that it will produce them. Yet Blackberry has not done so.

### C.     Blackberry's Responses to Zipit's Interrogatories

Blackberry's interrogatory responses are similarly filled with boilerplate objections and devoid of substance. The responses are attached as Exhibit D. For the reasons discussed above, Zipit requests that the Court deem Blackberry's 23 purported "general objections" to Zipit's interrogatories waived.

#### 1.     Blackberry's Noninfringement Contentions

Zipit's Interrogatory No. 2 reads as follows:

> For each and every claim of the Patents-in-Suit that Defendant contends it does not infringe, state the factual and legal bases of Defendant's non-infringement contention and identify any and all materials that support, contradict, or relate to Defendant's non-infringement contention.

After its numerous boilerplate objections, Blackberry states: "BlackBerry agrees to respond to this Interrogatory—subject to the foregoing objections—after Zipit serves infringement contentions that identify the asserted patent claims and the accused products, and

11

that describe the substance of Zipit's infringement contentions[.]" Once again, Blackberry appears to operate under the belief that it may determine its own schedule for this lawsuit. Blackberry has asserted claims against Zipit for a declaratory judgment that it does not infringe any of claim of the patents-in-suit. Blackberry's counterclaims are certainly a proper subject for discovery, and Blackberry's response to this interrogatory was due on April 21, 2014. If Blackberry needs to see Zipit's infringement contentions before it can explain the basis for its allegation that it is does not infringe the patents-in-suit, then Blackberry should not have asserted claims with the Court asking for a declaratory judgment of noninfringement.

### 2. The Bases for Blackberry's Denial that its Infringement has been Willful

In its answer to Zipit's complaint, Blackberry repeatedly denies that its patent infringement has been willful such that Zipit is entitled to enhanced damages. *See* Blackberry's Answer (D.I. 28), at ¶¶ 17, 20, 22, 33, 36, 38, 49, 52, 54, 56, 65, 68, 70. Accordingly, Zipit's Interrogatory No. 3 asks:

> State in detail the factual and legal bases upon which Defendant will rely in an effort to rebut Plaintiff's allegations that Defendant has, and/or continues, to willfully infringe each one of the Patents-in-Suit, including but not limited to the identification of any opinion of counsel concerning any alleged non-infringement, invalidity, and/or unenforceability of each one of the Patents-in-Suit.

After its boilerplate objections, Blackberry responds:

> Subject to the foregoing objections, BlackBerry expects to rely at least on its litigation defenses, including noninfringement and invalidity, to rebut Zipit's allegations of willful infringement. As Zipit bears the burden of proof on infringement, BlackBerry will provide a further response to this Interrogatory—subject to the foregoing objections—after Zipit serves infringement contentions[.]

12

Blackberry's identification of "at least" its litigation defenses is not a complete response.[2] And Blackberry does not have authority to choose some future date on which it will provide a further response. Again, Blackberry does not get to determine the due dates for its discovery obligations. Disclosing the basis for its representations to Zipit and the Court is not contingent upon Zipit serving its Infringement Contentions. If Blackberry lacked sufficient information to deny that its infringement has been willful, then it should have stated so in its Answer. Blackberry, however, categorically denied that its infringement has been willful. Zipit is entitled to discover the basis for that denial.

### 3. The Identities of People Involved in the Design and Development of the Accused Devices

Zipit's Interrogatory Nos. 6 and 9 ask for the identities of people involved in the design of the two categories of devices that Zipit alleges infringe the patents-in-suit. After its boilerplate objections, Blackberry identifies two people in response to each interrogatory and states "pursuant to Fed. R. Civ. P. 33(d), BlackBerry will produce documents from which the identity of additional people" may be determined. The deadline to produce such documents, however, was April 21, 2014 and Blackberry has not produced them.

### 4. Blackberry's Sales, Expenses, and Income Related to the Accused Devices

Zipit's Interrogatory Nos. 7 and 10 seek, for each of the two types of accused devices, "state the number of units sold for each year since January 1, 2002, identify all costs and expense incurred by Defendant in connection with each identified instant messaging device, and state Defendant's income derived" from the devices. Once again, following its boilerplate objections, Blackberry states "pursuant to Fed. R. Civ. P. 33(d), to the extent any exist, BlackBerry will

---

[2] Nine factors are considered in determining whether infringement has been willful and enhanced damages are warranted. *See Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992).

produce documents sufficient to show the number of devices . . . made, used, offered for sale, sold, and/or imported[.]" Under FED. R. CIV. P. 33(d), documents from which Zipit may determine the answer to these interrogatories were due on April 21, 2014. Blackberry has not produced them.

### 5. The Factual Bases for Blackberry's Damages Position

Zipit's Interrogatory No. 12 asks:

> Assuming a finding for Plaintiff (see 35 U.S.C. § 284), explain in detail the factual and legal basis of the amount of the damages that Defendant contends is adequate to compensate Plaintiff for Defendant's infringement of each one of the Patents-in-Suit. Should Defendant contend that Plaintiff is entitled to a reasonable royalty for Defendant's infringement of the Patents-in-Suit, identify each fact, document, device, or thing that supports Defendant's contention. Your answer should include, if necessary, an analysis of the Georgia-Pacific factors.

After a series of objections, BlackBerry states that it will respond to this interrogatory after Zipit identifies its theory of damages. BlackBerry has provided no substantive response to Interrogatory Nos. 7 and 10, nor Request for Production Nos. 10 and 11, which seek the information necessary for Zipit to assemble its damages theory. BlackBerry now objects to Interrogatory No. 11 on the basis that Zipit has not provided its damages theory. This is inappropriate.

Moreover, this interrogatory asks for the bases for BlackBerry's positions, not Zipit's. In its Answer and Counterclaims, BlackBerry alleges, "Zipit's claims for damages are statutorily limited by 35 U.S.C. §§ 286 (Statute of Limitations), 287 (Patent Marking), and/or 288 (Disclaimer of Invalid Claims), and additionally may be limited by 28 U.S.C. §1498 (Government Sales)." Zipit is entitled to discover the bases, if any, for these allegations.

### III. CONCLUSION

Blackberry has disregarded the Rules of Civil Procedure, this Court's Local Rules, and the Consent Scheduling Order in this case—instead proceeding as if it may respond to discovery

on its own schedule, in its sole discretion.  For the reasons discussed above, Zipit respectfully asks the Court to Order as follows:

1. Blackberry's objections to Plaintiff's First Request for Production of Documents and Things to all Defendants are overruled.  Within 10 days, Blackberry is to produce all documents responsive to those requests;

2. Blackberry's objections to Plaintiff's First Set of Interrogatories to All Defendants Nos. 2, 3, 6, 7, 10, and 12 are overruled.  Within 10 days, Blackberry is to provide full and complete responses to Plaintiff's First Set of Interrogatories to All Defendants Nos. 2, 3, 6, 7, 10, and 12;

3. Blackberry's General Objections in response to Plaintiff's First Request for Production of Documents and Things to all Defendants are waived;

4. Blackberry's General Objections in response to Plaintiff's First Set of Interrogatories to All Defendants are waived; and

5. Zipit is granted leave to supplement or amend its Infringement Contentions for 30 days after receiving from Blackberry all of the documents responsive to Plaintiff's First Request for Production of Documents.

Respectfully submitted, this 7th day of May, 2014.

/s/ *Robert P. Foster*

Robert P. Foster
FOSTER LAW FIRM, LLC
601 East McBee Avenue
Suite 104
Greenville, SC 29601
Telephone: (864) 242-6200
Facsimile: (864) 233-0290

Email: rfoster@fosterfoster.com


Stephen R. Risley
(Admitted *Pro Hac Vice*)
SMITH RISLEY TEMPEL & SANTOS LLC
Two Ravinia Drive, Suite 700
Atlanta, GA 30346
Telephone: (770) 709-0022
Facsimile: (770) 804-0900
Email: srisley@srtslaw.com

Attorneys for Plaintiff
Zipit Wireless, Inc.