**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| ZIPIT WIRELESS INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BLACKBERRY LIMITED f/k/a RESEARCH ) <br> IN MOTION LIMITED and BLACKBERRY ) <br> CORPORATION f/k/a RESEARCH IN ) <br> MOTION CORPORATION, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 6:13-cv-2959-JMC <br><br> **JURY TRIAL DEMANDED** |

**BLACKBERRY'S OPPOSED MOTION
TO MODIFY THE CONFIDENTIALITY ORDER**

Pursuant to paragraph 11 of the Confidentiality Order (Dkt. No. 41), Defendants BlackBerry Limited and BlackBerry Corporation ("BlackBerry") move to supplement the terms of the Confidentiality Order to provide for a period of review and objection before the proposed expert of a receiving party is permitted to receive Confidential Information (as defined below) of a producing party. BlackBerry's undersigned counsel certifies that it conferred with counsel for Zipit Wireless Inc. ("Zipit") in an attempt to resolve the dispute raised by this motion.

BlackBerry's requested supplementation of the Confidentiality Order prevents the potential competitive harm that could arise if a receiving party's proposed expert is competitively situated with respect to the producing party -- for example, a proposed expert employed by or consulting for a competitor of the producing party -- and is permitted to have access to the producing party's "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" information (collectively, "Confidential Information"), as defined by the Confidentiality Order.

On May 27, 2014, the Court entered the Confidentiality Order (Dkt. No. 41) as proposed by BlackBerry, thereby resolving a dispute between the parties concerning the terms of the Confidentiality Order. The Confidentiality Order allows disclosure of Confidential Information to "consultants, investigators, or experts (herein referred to collectively as "experts") employed by the parties to assist in the preparation and trial of the lawsuit." (Dkt. No. 41 at ¶ 4.b, 4.b(4).) Such experts must execute an "Acknowledgment of Understanding and Agreement to be Bound" attached as Attachment B to the Confidentiality Order. The Confidentiality Order, however, does not specify a procedure or timing for notifying the opposing party about a proposed expert or exchanging executed undertakings with opposing counsel. BlackBerry believed that the parties could arrive at a mutually agreeable process for such exchange, but this has proven not to be the case.

On June 19, 2014, BlackBerry proposed the following procedure to Zipit, which is standard practice for disclosure of experts in patent litigations:

> If a party wishes to disclose confidential documents to a consulting or testifying expert, prior to such disclosure the requesting party will provide the producing party an executed "Acknowledgement of Understanding and Agreement to be Bound" (Attachment B to the Confidentiality Order) accompanied by a copy of such person's curriculum vitae, a general statement of any prior or current relationship or connection with any parties, and a list of all cases in which such person has been deposed or testified as an expert within the past 4 years. Any such disclosure of experts does not confer any right to seek discovery beyond that permitted by the Federal Rules of Civil Procedure. Disclosure of a consulting expert does not allow discovery of that expert by any of the non-disclosing parties, and the fact that a consulting expert has been retained cannot be admissible at trial for any purpose. Opposing counsel shall make any objections to the disclosure to any consulting or testifying expert in writing no later than five (5)

> business days from the date of receipt. If there is an objection, no such disclosure shall occur until the objection is resolved or the Court grants a motion permitting the disclosure. The burden to file any such motion is on the party that seeks to make the disclosure. Any such objections to the disclosure must be in good faith and not interposed for purposes of delay or harassment.

(Simpson Dec.[1] Ex. 1 at pg. 5.) By way of example, comparable provisions (i.e., provisions requiring the disclosure of the expert and expert's background and providing for an objection period) are included in model patent confidentiality/protective orders for the Northern District of California (Simpson Dec. Ex. 2 at pgs. 10-12) and Eastern District of Texas (Simpson Dec. Ex. 3 at pg. 4). The District of South Carolina has included a comparable provision in a number of patent litigation confidentiality orders, including *Yamauchi Corp. v. Albany Int'l Corp.*, Case No. 6:13-cv-02905-JMC (Dkt. No. 31) (Simpson Dec. Ex. 4 at pgs. 6-7) and *Ethox Chem., LLC, et al v. The Coca-Cola Co.*, Case No. 6:12-cv-1682-TMC (Dkt. No. 78) (Simpson Dec. Ex. 5 at pg. 9).

Although Zipit's lead counsel has agreed in other patent litigations to such procedures (*see* Simpson Dec. Ex. 6 at pgs. 15-16; Ex. 7 at pgs. 5-6), Zipit stated that BlackBerry's suggested procedure is not necessary, did not provide a counterproposal, and alleged that BlackBerry's reason for requesting the procedure is to create delay. (Simpson Dec. Ex. 1 at pgs. 1-5.[2]) On July 1, 2014, BlackBerry requested Zipit's final position on this issue and Zipit has failed to respond. (*Id.* at pg. 1.) Zipit also refused to confirm that it would not show BlackBerry's Confidential Information to an undisclosed expert pending resolution of this

---

[1] "Simpson Dec." refers to the Declaration of Todd M. Simpson in support of this motion, filed concurrently herewith.

[2] The email chain attached at Simpson Dec. Ex. 1 also contains additional information relevant the briefing for Zipit's pending Motion to Compel (Dkt. Nos. 33, 42, and 45).

dispute. (*Id.* at pgs. 1-3.) Accordingly, having met and conferred with Zipit on the issue multiple times, BlackBerry files the instant motion.

BlackBerry seeks to supplement the terms of the Confidentiality Order to prevent the possible competitive harm that could arise if a receiving party knowingly or unknowingly discloses a producing party's Confidential Information to an expert that is in the position to use the producing party's Confidential Information to inflict competitive harm or otherwise use it for his or her own personal or employer benefit. Under BlackBerry's above proposal, the receiving party would have only five business days to assess whether there is a good faith basis to object to the disclosure of Confidential Information to the expert.

While, in the undersigned counsel's experience, such an objection is rarely raised, the process is an important safeguard. For instance, where the subject matter of the Confidential Information is of the very sort used by the expert in his or her employment capacity, it is difficult (if not impossible) for the expert to mentally compartmentalize the producing party's confidential information. Accordingly, the restriction that the Confidential Information should be used by the expert "solely for the purposes of the above-captioned action" (Dkt. No. 41 at Attachment B) is an inadequate safeguard.

For example, it is possible that a receiving party will hire a software engineer employed by one of the producing party's competitors to review the source code. Because source code is highly sensitive trade secret information[3], the producing party would likely object to such

---

[3] "In a typical patent infringement case involving computer software, few tasks excite a defendant less than a requirement that it produce source code. Engineers and management howl at the notion of providing strangers, and especially a fierce competitor, access to the crown jewels. … Exactly who representing the plaintiff gets access—and does this list include patent prosecution counsel, *undisclosed experts*, and so-called "competitive decision makers"? … Put simply, source code production is disruptive, expensive, and fraught with monumental

4

disclosure and ask that the receiving party instead retain one of the many different source code experts not in a competitive position to the producing party. While the potential prejudice to the party disclosing Confidential Information is great, there is no prejudice to the receiving party by merely having to identify the expert and provide the producing party five business days to determine if it has a good faith basis to object.

For the foregoing reasons, BlackBerry respectfully requests that the Court grant BlackBerry's motion and enter BlackBerry's requested modification to the Confidentiality Order.

Pursuant to DSC Local Rule 7.02, counsel for BlackBerry affirms that counsel for the parties consulted about the issues raised in the foregoing motion; however, no agreement was reached.

Pursuant to DSC Local Rule 7.04, no supporting memorandum accompanies the foregoing motion as the motion itself contains a full explanation of the grounds in support of the motion and a memorandum would serve no useful purpose.

---

opportunities to screw up." *Apple Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 62971, at *10–11 (N.D. Cal., May 4, 2012) (emphasis added).

July 15, 2014                                  Respectfully submitted,

**Attorneys for Defendants BLACKBERRY LIMITED and BLACKBERRY CORPORATION**

By: s/ Steve A. Matthews
      Steve A. Matthews
      Federal ID No. 5119
      smatthews@hsblawfirm.com
**HAYNSWORTH SINKLER BOYD, P.A.**
1201 Main Street (29201-3226)
P.O. Box 11889 (29211-1889)
Columbia, South Carolina
(803) 779-3080

**OF COUNSEL**:
(*Admitted pro hac vice*)
Andrew N. Thomases
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
(650) 617 4000

(*Admitted pro hac vice*)
Gene W. Lee
Todd M. Simpson
Matthew J. Moffa
Kyotaro Hemmi
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000