# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| ZIPIT WIRELESS INC., <br><br> Plaintiff, <br><br> v. <br><br> BLACKBERRY LIMITED f/k/a RESEARCH IN MOTION LIMITED and BLACKBERRY CORPORATION f/k/a RESEARCH IN MOTION CORPORATION, <br><br> Defendants. | Civil Action No. 6:13-cv-2959-JMC |

### JOINT STATUS REPORT AND THE PARTIES' PROPOSALS FOR THE NEXT STEPS IN LIGHT OF THE IPR FINAL DECISIONS

Plaintiff Zipit Wireless Inc. ("Zipit") and Defendants BlackBerry Limited and BlackBerry Corporation (collectively, "BlackBerry") respectfully submit this Joint Status Report and the Parties' respective proposals for the next steps for this lawsuit in light of the Patent Trial and Appeal Board's Final Decisions in the *inter partes* reviews of each one of the four patents at issue in this lawsuit.

**I.     BACKGROUND**

This lawsuit was filed on October 30, 2013 (Dkt. No. 1). The Court issued a Consent Amended Scheduling Order on March 4, 2014 (Dkt. No. 31), in which trial was set to begin on December 7, 2015 (Dkt. No. 31).

On September 16, 2014, BlackBerry filed a Petition for *Inter Partes* Review ("IPR") of each one of the four patents at issue in this lawsuit with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office. On October 2, 2014, the Court

1

granted a consent motion to stay and stayed this lawsuit "until two weeks after the Patent Trial and Appeal Board ('PTAB') issues its last decision on whether to institute review of the four patents-in-suit in this litigation pursuant to BlackBerry's four *inter partes* review ["IPR"] petitions" (Dkt. No. 55).

Prior to this action being stayed, the Parties exchanged infringement contentions, invalidity contentions, claim constructions for the disputed claim terms, and filed the Joint Claim Construction And Pre-Hearing Statement (Dkt. No. 50) in accordance with the Court's Consent Amended Scheduling Order (Dkt. No. 31). In addition, the Parties produced documents and participated in written discovery. No depositions were taken in the lawsuit, but several depositions have been taken in the four IPRs.

After all four IPRs were instituted by the PTAB, the Court granted a second consent motion to stay and stayed this lawsuit "until two weeks after the Patent Trial and Appeal Board ('PTAB') issues the last of its final written decisions for the Inter Partes Review ('IPR') of Zipit's four patents-in-suit" (Dkt. No. 63). On March 29, 2016 the PTAB issued a Final Decision for each one of the four IPRs. Two weeks after the four final decisions was April 12, 2016.

In its Final Decisions, the PTAB:

1. Confirmed the patentability of all contested claims of U.S. Patent No. 7,292,870 (*see* Dkt. No. 75-1);

2. Confirmed the patentability of all contested claims of U.S. Patent No. 7,894,837 (*see* Dkt. No. 75-2);

3. Found that claims 1, 2, 5, and 7 of U.S. Patent No. 8,086,678 are not patentable (*see* Dkt. No. 75-3); and

      4.      Confirmed the patentability of claims 9, 10, and 12 of U.S. Patent No. 8,190,694 (*see* Dkt. No. 75-4), and further found that claims 1, 2, and 4-7 of U.S. Patent No. 8,190,694 are not patentable (*see* Dkt. No. 75-4).

## II.    GOING FORWARD PROPOSALS

    A.    **Zipit's Position**

        1.    **Zipit's Proposal**

This lawsuit has been pending on the Court's docket since October 2013, two and one half years already. The lawsuit is presently not stayed. Now that the PTAB has confirmed the validity of three of Zipit's four patents-in-suit, Zipit respectfully requests the Court to issue a revised scheduling order so that this case may proceed to trial as soon as possible on U.S. Patent No. 7,292,870; U.S. Patent No. 7,894,837; and U.S. Patent No. 8,190,694. As trial was initially set for December 7, 2015, Zipit submits that trial should be re-scheduled for November/December 2016 (or when convenient for the Court).

        2.    **Zipit's Response to BlackBerry's Proposal**    BlackBerry litigated this case for one year before deciding to file its first motion to stay in October 2014 based on BlackBerry's petitions for IPR proceedings. Although the PTAB cancels approximately 85% of patent claims challenged in IPR, the PTAB <u>confirmed</u> the patentability of infringed claims of three of Zipit's four patents-in-suit.

Now that BlackBerry lost the IPRs on three of the four patents-in-suit, BlackBerry apparently intends to ask this Court to stay this case (again) for what would be approximately another year or two while BlackBerry futilely appeals the PTAB's decisions. Since the inception of the IPR process, the Court of Appeals for the Federal Circuit has rarely overturned the PTAB's Final Written Decisions. Any further delay in reaching the merits of this case will

3

severely prejudice Zipit's rights to protect its patented inventions. Zipit intends to oppose any further stay.

BlackBerry is not only seeking a second stay for a year or two, but BlackBerry is also now asking the Court to go backwards in time by redoing the claim construction process and thereby inefficiently wasting all the effort and work product that the Parties did from October 2013 through October 2014 related to the claim construction process. Indeed, having failed to invalidate three of Zipit's four patents-in-suit, BlackBerry now apparently wants to propose "new" claim constructions for "new" claim terms to support "new" non-infringement theories that BlackBerry did not previously disclose to Zipit during the discovery that commenced from October 2013 through October 2014. This case should not go backwards to redo things that have already been done. BlackBerry's initial motion to stay never raised this issue with the Court or Zipit. Had it done so, Zipit would not have consented to the initial stay. Zipit intends to oppose any attempt by BlackBerry to replow the claim construction process or discovery.

### B. BlackBerry's Position

#### 1. BlackBerry's Proposal

BlackBerry intends to appeal the final written decisions from the PTAB regarding all claims asserted in this litigation that have not already been found unpatentable – namely, the asserted claims of U.S. Patent Nos. 7,292,870 and 7,894,837, and claims 9, 10, and 12 of U.S. Patent No. 8,190,694. The Notices of Appeal are due by May 31, 2016. Because those appeals will address the patentability of all the claims at issue in this litigation and a determination in favor of BlackBerry could remove the need for any further litigation, BlackBerry also intends to file a motion to stay this case pending resolution of those appeals by May 9, 2016. BlackBerry

4

respectfully requests that this Court refrain from imposing a new scheduling order until it has a chance to consider BlackBerry's motion to stay.

To the extent that a motion to stay the case is denied, or the Court intends to set a schedule before ruling on the motion, BlackBerry requests that the case schedule be continued by at least the same amount of time that the case was stayed – 18 months. The case was originally stayed on October 10, 2014 pending the institution decisions for the PTAB proceedings (Dkt. 55). The stay was effectively continued on April 14, 2015 pending the final written decisions for the PTAB proceedings (Dkt. 63). (BlackBerry notes that the Court's docket on Pacer appears to indicate that the case remains stayed today.) Thus, the "Parties ready for Jury Selection followed by Trial" deadline would be no earlier than June 12, 2017. In addition, due to the new arguments and evidence concerning the proper meaning of the claim terms submitted during the PTAB proceedings, BlackBerry requests that the parties be given leave to update their respective claim construction positions based on the new information and submit a new joint claim construction and prehearing statement within 10 days of the Court's scheduling order.

### 2. BlackBerry's Reply to Zipit's Response

BlackBerry disagrees with Zipit's unsupported characterizations of the merits of Blackberry's arguments on appeal. BlackBerry's motion for stay will set forth the bases for why BlackBerry's arguments should be successful on appeal and why this case should be stayed.

With respect to claim construction, Zipit's statements, as the patent owner, during PTAB proceedings can impact the proper construction. *See, e.g., E2Interactive, Inc. v. Blackhawk Network, Inc.*, 561 Fed. Appx. 895, 897-98 (Fed. Cir. 2014) (applying prosecution history disclaimer to statements made during a reexamination proceeding and reversing a judgment of infringement); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C013094513, 2014

5

U.S. Dist. LEXIS 139066, at *20 (N.D. Cal. Sept. 26, 2014) ("The IPR proceedings will also add to the '536 Patent's prosecution history. Prosecution history is an important part of the intrinsic record relevant to claim construction. Statements made by Evolutionary Intelligence during the IPR could disclaim claim scope, aid the court in understanding the meaning of the terms, or otherwise affect the interpretation of key terms."); *Pragmatus AV, LLC v. Yahoo! Inc.*, No. C-13-1176 EMC, 2014 U.S. Dist. LEXIS 65813, at *14-15 (N.D. Cal. May 13, 2014) ("Under Federal Circuit law, comments made by a patent holder during inter partes reexamination proceedings can limit claim scope. The same should be true now that inter partes review, rather than inter partes reexamination, is in effect."); *Abbott Labs. v. Church & Dwight Co.*, No. 07 C 3428, 2008 U.S. Dist. LEXIS 103635, at *25 (N.D. Ill. Dec. 22, 2008) ("not[ing] that the doctrine of prosecution disclaimer is arguably analogous to the concept of judicial estoppel, which applies only if the party to be estopped was successful in the prior proceeding").  BlackBerry has the right, as part of the claim construction process, to address these statements and account for them in its proposed constructions, especially with respect to the inconsistencies between Zipit's PTAB statements and prior claim constructions proposed to this Court.

RESPECTFULLY SUBMITTED:

| | |
|---|---|
| **Attorneys for Plaintiff**<br>**ZIPIT WIRELESS, INC.** | **Attorneys for Defendants BLACKBERRY LIMITED and BLACKBERRY CORPORATION** |
| By: s/ *Robert P. Foster* | By: *s/ Steve A. Matthews* |
| Robert P. Foster<br>rfoster@fosterfoster.com<br>**FOSTER LAW FIRM, LLC**<br>601 East McBee Avenue<br>Suite 104<br>Greenville, South Carolina 29601<br>Telephone: (864) 242-6200<br>Email: rfoster@fosterfoster.com | Steve A. Matthews<br>Federal ID No. 5119<br>smatthews@hsblawfirm.com<br>**HAYNSWORTH SINKLER BOYD, P.A.**<br>1201 Main Street (29201-3226)<br>P.O. Box 11889 (29211-1889)<br>Columbia, South Carolina<br>(803) 779-3080 |
| **OF COUNSEL**: | **OF COUNSEL**: |
| (*Admitted pro hac vice*)<br>Stephen R. Risley<br>**KENT & RISLEY LLC**<br>555 North Point Center East<br>Suite 400<br>Alpharetta, GA 30022<br>Telephone: (404) 585-2101<br>Email: steverisley@kentrisley.com | (*Admitted pro hac vice*)<br>Andrew N. Thomases<br>**ROPES & GRAY LLP**<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA 94303-2284<br>(650) 617-4000 |
| (*Admitted pro hac vice*)<br>Robert B. Dulaney, III<br>**SMITH TEMPEL BLAHA LLC**<br>Two Ravinia Drive, Suite 700<br>Atlanta, GA 30346<br>Telephone: (770) 709-0086<br>Email: rdulaney@srtslaw.com | |
| (*Admitted pro hac vice*)<br>Matthew S. Harman<br>Eric S. Fredrickson<br>**HARMAN LAW LLC**<br>3414 Peachtree Road NE<br>Suite 1250<br>Atlanta, Georgia 30326<br>(404) 554-0777 | |

Greenville, South Carolina
Dated: April 26, 2016

8