# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Zipit Wireless Inc., ) | |
| ) | Civil Action No. 6:13-cv-02959-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Blackberry Limited f/k/a/ Research in ) | |
| Motion Limited & Blackberry Corporation ) | |
| f/k/a Research in Motion Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Zipit Wireless ("Plaintiff") brought this action, (ECF No. 1), on October 30, 2013, for patent infringement against Defendants Blackberry Limited and Blackberry Corporation (collectively "Defendants"). This matter is before the court on Defendants' Motion to Stay Litigation (ECF No. 83). For the reasons set forth below, the court **DENIES** Defendants' Motion.

## I.     JURISDICTION AND VENUE

This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 (2012) because this is a civil action for patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq*. (2012). This court has personal jurisdiction over Defendants because they conduct regular and systematic business in the State of South Carolina and maintain a registered agent for service of process in the State of South Carolina. Venue is proper under 28 U.S.C. §§ 1331, 1338, 1391(a), 1391(b), 1391(c), and 1400(b).

## II.     RELEVANT BACKGROUND TO PENDING MOTION

On October 30, 2013, Plaintiff brought this suit for patent infringement of four different patents: (1) No. 7,894,837 ("Patent 837"), (2) No. 8,190,694 ("Patent 694"), (3) No. 7,292,870

1

("Patent 870"), and (4) No. 8,086,678 ("Patent 678"). (ECF No. 28.) Trial was originally set for December 7, 2015. (ECF Nos. 31, 77.) In preparation for trial, the parties exchanged infringement contentions, invalidity contentions, claim constructions for the disputed claim terms, and filed the Joint Claim Construction and Pre-Hearing Statement. (ECF No. 77 at 2.) Further, the parties produced documents and participated in written discovery, but did not take depositions. (*Id.*) However, the parties agreed to stay litigation until two weeks after the final decision by the United States Patent and Trademark Office's ("USPTO") Patent Trial and Appeal Board ("PTAB") for the *Inter Partes Review*[1] ("IPR") of Plaintiff's four patents. (ECF No. 63.) The PTAB found (1) all of Patent 870's claims were valid, (2) all of Patent 837's claims were valid, (3) claims 1, 2, 5, and 7 of Patent 678 were invalid, and (4) claims 1, 2, 4, 5, 6, and 7 of Patent 694 were invalid. (ECF No. 77 at 3.)

Defendants appealed the PTAB's decision to the United States Court of Appeals for the Federal Circuit ("Federal Circuit").[2] Defendants now file another Motion to Stay pending the Federal Circuit's decision. (EFC No. 83.) In response, Plaintiff files an Opposition to Defendants' Motion to Stay. (ECF No. 90.) If Defendants' Motion to Stay is granted, "the '[p]arties ready for Jury Selection followed by Trial' deadline would be no earlier than June 12, 2017." (ECF No. 77 at 5.)

### III.    LEGAL STANDARD

Although a motion to stay is not expressly addressed in the Federal Rules of Civil

---

[1] "*Inter partes review* is a trial proceeding conducted at the [PTAB] to review the patentability of one or more claims in a patent only on a ground that could be raised under [35 U.S.C.] §§ 102 or 103, and only on the basis of prior art consisting of patents or printed publications." USPTO, *Inter Partes Review*, http://www.uspto.gov/patents-application-process/appealing-patent-decisions/ trials/inter-partes-review (last visited June 21, 2016).

[2] "An applicant who is dissatisfied with the final decision in an appeal to the Patent Trial and Appeal Board under [35 U.S.C. §] 134(a) may appeal the Board's decision to the United States Court of Appeals for the Federal Circuit." 35 U.S.C. § 141(a) (2012).

Procedure, it is a power inherent to the courts "under their general equity powers and in the efficient management of their dockets." *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). The moving party seeking the motion to stay has the burden of proof to "justify [its motion] by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford*, 715 F.2d at 127.

> Under the Leahy-Smith America Invents Act ("America Invents Act"):
>
> If a party seeks a stay of a civil action alleging infringement of a patent under section 281 of title 35, United States Code, relating to a transitional proceeding for that patent, the court shall decide whether to enter a stay based on--
> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
> (B) whether discovery is complete and whether a trial date has been set;
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 325, 125 Stat. 284, 307 (2011); *see VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1313 (Fed. Cir. 2014).

When addressing a motion to stay for an IPR, this court has considered "(1) reduction of the burden on the parties and the court; (2) the stage of the litigation; and (3) any undue prejudice caused by the stay to the non-moving party." *Pleasurecraft Marine Engine Co. v. Indmar Prods. Co.*, No. 8:14-cv-04507-MGL, 2015 U.S. Dist. LEXIS 122431, at *2-3 (D.S.C. Sep. 15, 2015); *see Graham-White Mfg. Co. v. Ell-Con Nat'l, Inc.*, No. 6:05-0396-HFF-WMC, 2006 U.S. Dist. LEXIS 68754, at *4–5 (D.S.C. Sep. 22, 2006).

Regarding a motion to stay pending appellate review of an IPR, neither this court nor the Federal Circuit has specifically addressed the factors that courts should analyze. Therefore, the court will consider the factors set out in both the America Invents Act and *Pleasurecraft*, as well as exercise the court's discretion to analyze the totality of the circumstances. *Universal Elecs.,*

3

*Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). In exercising its discretion, the court must weigh the competing interests of itself, counsel, and litigants and maintain an even balance between all parties. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Therefore, although courts tend to rule in favor of a stay for IPRs, this court is not required to do so.

### IV.     ANALYSIS

First, the court addresses whether granting the stay will simplify the issues in question, streamline the trial, and reduce the burden of litigation on the parties and the court. When a court is considering a motion to stay pending the IPR by the PTAB, these factors generally weigh in favor of granting a stay because (1) the claims may be invalidated, rendering the claims moot and further litigation unnecessary, and (2) the analysis may provide insight to the court for claim construction issues. *See Canvs Corp. v. United States*, 118 Fed. Cl. 587, 592-93 (2014). However, this court is considering a Motion to Stay pending *appellate review* of the IPR. The court has previously granted two Motions to Stay[3] for the IPR, (ECF Nos. 55, 63), which has already simplified the issues. Another stay would leave the parties to wait 18 months[4] for the Federal Circuit to decide either to (1) affirm, (2) reverse (3) remand or (4) modify. 35 U.S.C. § 203(b) (2012). Upon the Federal Circuit's decision, the parties would then have to wait for the appeal period to pass, *id.*, and the USPTO may need to take further action, which would again delay this case. This case has already been pending for over two and a half years and a further delay would increase the burden on the parties and the court.

---

[3] Parties were ordered to stay the proceedings pending the IPR review, and two weeks after the IPR review.

[4] "[T]he final determination in an inter partes review [is to] be issued not later than 1 year after the date on which the Director notices the institution of a review under this chapter, except that the Director may, for good cause shown, extend the 1-year period by not more than 6 months . . . ." 35 U.S.C. § 316(a)(11) (2012).

4

Second, the court addresses whether the stage of the litigation, specifically the stage of discovery and the trial date, weighs in favor of granting a stay. Although discovery is not complete, this case is far from being in the "early stages." *See Pleasurecraft Marine Engine Co.,* No. 8:14-cv-04507-MGL, 2015 U.S. Dist. LEXIS 122431, at *3. According to the most recent status update, the parties exchanged infringement contentions, invalidity contentions, claim constructions for the disputed claim terms, and filed the Joint Claim Construction and Pre-Hearing Statement. (ECF No. 77 at 2.) The parties produced documents and participated in written discovery, but did not take depositions.[5] (*Id.*) A trial date was originally set for December 7, 2015. (ECF Nos. 31, 77.) Further, the court notes that a Motion for Extension of Time (ECF No. 7), an Amended Scheduling Order (ECF No. 31), and two Motions to Stay Litigation (ECF Nos. 55, 63), have already been granted. Although discovery is not complete and a trial date is not currently set, the court exercises its discretion to find that the stage of litigation weighs in favor of denying the Motion to Stay.

Finally, the court considers whether the Motion to Stay should be denied based on a clear tactical advantage for the moving party or undue prejudice to the nonmoving party. When addressing tactical advantage, courts will look at the timing of the request for a stay. *See Belden Techs. Inc.*, No. 08-63-SLR, 2010 U.S. Dist. LEXIS 90960, 8–9. Since the Defendants filed their request for review by the Federal Circuit and their Motion to Stay within a valid timeframe, the court does not find that Defendants filed their Motion for an inappropriate tactical advantage. When determining undue prejudice, courts typically look at (1) the status of the review proceedings (2) the relationship of the parties and (3) other issues. *See Belden Techs. Inc. v.*

---

[5] "[W]hen a request to stay a case comes after discovery is complete or nearly complete, or after the [c]ourt and the parties have expended significant effort on the litigation, the principle of maximizing the use of judicial and litigant resources may be best served by seeing the case through to its conclusion." *LG Elecs., Inc.*, 12-1063-LPS-CJB, 2015 U.S. Dist. LEXIS 167153, at *12.

*Superior Essex Communs. LP*, No. 08-63-SLR, 2010 U.S. Dist. LEXIS 90960, at *8–12 (D. Del. Sep. 2, 2010); *LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, No. 12-1063-LPS-CJB, 2015 U.S. Dist. LEXIS 167153, at *16–21 (D. Del. Dec. 11, 2015). This case has already undergone review by the USPTO's PTAB, and is now awaiting review by the Federal Circuit, which is not expected for several months. Therefore, Plaintiff would be prejudiced by the delay. When looking at the relationship between the parties, courts generally are "reluctant to stay proceedings where the parties are direct competitors." *Belden Techs. Inc.*, No. 08-63-SLR, 2010 U.S. Dist. LEXIS 90960, at *11; *Nidec Corp. v. LG Innotek, Co.*, No. 6:07cv108, 2009 U.S. Dist. LEXIS 46123, 2009 WL 3673433, at * 4 (E.D. Tex. Apr. 3, 2009). The parties dispute whether they are direct competitors, and therefore provide no guidance for the court on this issue. In the "other" category, courts have looked at whether there is a significant chance that Defendants may file for bankruptcy. Defendants allege that there is a 34% probability that they would declare bankruptcy within two years, (ECF No. 10 at 12), whereas Plaintiff alleges that there is a 43% chance that Defendants will enter bankruptcy. (ECF No. 90.) Without making a factual finding, even if the probability is 34%, the court finds that this probability is still significant. The court finds that balancing the factors for tactical advantage and undue prejudice weighs in favor of denying the stay.

## V.     CONCLUSION

After a careful consideration of the record, the court **DENIES** Defendants' Motion to Stay for the reasons discussed herein.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 24, 2016
Columbia, South Carolina

6